UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-129** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION: "G" (5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Grand Isle Shipyard, Inc.'s ("GIS") "Motion for Partial Summary Judgment."[1] In this litigation, GIS claims that Defendant Black Elk Energy Offshore Operations, LLC ("BEEOO") failed to pay GIS for goods and services connected to BEEOO's oil operations.[2] BEEOO filed a counterclaim, alleging that GIS engaged in fraud, breach of contract, breach of warranty and negligence in GIS' work on BEEOO's platform.[3] GIS filed the instant motion for partial summary judgment, arguing that BEEOO is not entitled to attorneys' fees, experts' fees, and costs that arose outside of this litigation.[4] In opposition, BEEOO argues that these fees and costs are part of the foreseeable damages that arose from GIS' breach of contract.[5] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will deny the motion.

---

[1] Rec. Doc. 97.

[2] Rec. Doc. 1-1 at 2.

[3] Rec. Doc. 4.

[4] Rec. Doc. 97-1 at 1.

[5] Rec. Doc. 105.

1

# I. Background

## A. *Factual Background*

In the second amended complaint, GIS alleges that BEEOO breached the terms of the parties' agreement by failing to pay for services rendered.[6] GIS asserts that BEEOO contracted with GIS for GIS to provide goods and services in support of BEEOO's oil operations, but GIS contends that it never received payment for the services.[7] GIS avers that BEEOO is liable for breach of contract, bad faith breach of contract, and detrimental reliance.[8] GIS also seeks relief through quantum meruit, a well lien act claim under the Louisiana Oil Well Lien Act ("LOWLA") and a request for a writ of sequestration and judgment on BEEOO's property.[9]

## B. *Procedural Background*

On December 5, 2014, GIS filed a petition against BEEOO in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.[10] GIS asserted a claim under the Oil Well Lien Act.[11] On January 21, 2015, BEEOO removed the case to this Court, asserting diversity jurisdiction.[12] On March 17, 2015, BEEOO answered the petition and asserted a counterclaim against GIS.[13] In the counterclaim, BEEOO alleged that GIS engaged in fraud, breach of contract, breach of warranty, and negligence surrounding GIS' work on BEEOO's oil platform West Delta

---

[6] Rec. Doc. 20 at 2–3.

[7] *Id.* at 3.

[8] *ID.* at 4–5.

[9] *Id.* at 3–4.

[10] Rec. Doc. 1-1.

[11] *Id.*

[12] Rec. Doc. 1.

[13] Rec. Doc. 14.

2

32 ("West Delta 32").[14] On March 23, 2015, GIS amended its complaint to add claims for breach of contract, bad faith breach of contract, detrimental reliance, and quantum meruit.[15] On June 3, 2015, GIS filed a second amended complaint, removing several of the properties for which it alleged claims.[16]

On August 11, 2015, certain creditors of BEEOO filed an involuntary petition for relief under Title 11 of the United States Code against BEEOO in the United States Bankruptcy Court for the Southern District of Texas.[17] On August 19, 2015, this Court issued an order staying and administratively closing the case pending BEEOO's bankruptcy.[18] On July 13, 2016, the bankruptcy court issued an order confirming the liquidation plan regarding BEEOO and appointing Richard Schmidt as the liquidation trustee.[19] On May 10, 2018, this Court reopened the case and substituted Richard Schmidt in the place of BEEOO.[20]

At a December 19, 2018 oral argument on GIS' motion to dismiss, BEEOO admitted that its fraud and negligence claims were prescribed under Louisiana law.[21] Accordingly, on December 26, 2018, the Court dismissed BEEOO's fraud and negligence claims.[22] On March 26, 2019, GIS

---

[14] *Id.*

[15] Rec. Doc. 16.

[16] Rec. Dic. 20.

[17] *See* Rec. Doc. 29-2.

[18] Rec. Doc. 32.

[19] Rec. Doc. 34-1 at 23–24, 26–27.

[20] Rec. Doc. 42. Though Richard Schmidt is the active Defendant in the case, the Court refers to Defendant as BEEOO for continuity between the briefings.

[21] Rec. Doc. 70 at 1.

[22] *Id.* at 1–2.

filed the instant motion for partial summary judgment.[23] On April 16, 2019, BEEOO filed an opposition.[24] With leave of Court, GIS filed a reply in further support of the motion on April 23, 2019.[25]

## II. Parties' Arguments

### A. *GIS' Arguments in Support of the Motion for Partial Summary Judgment*

In the instant motion, GIS argues that the Court should dismiss BEEOO's request for attorneys' fees, experts' fees, and litigation costs BEEOO incurred outside of this litigation for two reasons.[26] First, GIS contends that "there is no contract or statute that permits such to be recovered."[27] Second, GIS asserts that the Louisiana Oilfield Indemnity Act ("LOIA") and a contractual limitation preclude these fees and costs.[28]

Regarding the first argument, GIS avers that Louisiana law "does not allow recovery of attorney's fees or costs of litigation unless a specific contract or statute permits attorney's fees and costs of litigation."[29] According to GIS, BEEOO has alleged that it is entitled $10,166,189.91 in damages related to attorneys' fees, experts' fees, and costs.[30] GIS proffers that BEEOO previously categorized $2,583,381.66 as "legal;" $4,627,022.24 as attorneys' fees, experts' fees, and costs;

---

[23] Rec. Doc. 97.

[24] Rec. Doc. 62.

[25] Rec. Doc. 63.

[26] Rec. Doc. 97-1.

[27] *Id.* at 1.

[28] *Id.*

[29] *Id.* at 1–2.

[30] *Id.* at 9.

and $2,955,786.01 as consulting fees related to an "investigation."[31] GIS argues that "[t]hese fees and costs are all related to matters extraneous to this civil action, were incurred outside of this civil action, and these fees and costs were incurred in anticipation of or defense of the *Tajonera* cases."[32] GIS asserts that under Louisiana law, such fees and costs related to prior litigation are not recoverable unless "specifically authorized by statute or contract."[33]

Here, GIS contends that there is no statutory basis or contractual provision that allows for the recovery of attorneys' fees and costs.[34] GIS argues that the Alliance Agreement applied to the welding services GIS performed for BEEOO on November 16, 2012, when the explosion occurred on the West Delta 32.[35] According to GIS, the Alliance Agreement contains no provisions related to fees and costs.[36]

GIS contests BEEOO's assertion that the Master Service Agreement ("MSA") governs BEEOO's counterclaim, because GIS argues that it entered into the MSA with Black Elk Energy, LLC, not BEEOO.[37] However, even assuming that the MSA does apply to BEEOO's counterclaim, GIS asserts that none of the MSA's contractual provisions allow for BEEOO to recover attorneys'

---

[31] *Id.* at 10. GIS states in the motion that it "recognizes some of the 'Investigation' costs may be ultimately proven to be for purposes other than anticipation of and defense of the personal injury and death claims, and GIS acknowledges disputed facts preclude summary judgment dismissal of all the 'Investigation' category of costs at this time." *Id.* Therefore, GIS avers that it is not asking the Court to sift through the "Investigation" costs and rule that a specific amount is unrecoverable. *Id.* GIS states it is only requesting "a ruling from the Court that fees and costs which were incurred outside of this case are not recoverable. Such a ruling will greatly reduce the evidence produced at trial and will streamline the issues the court is later called upon to decide in this case." *Id.* at 11.

[32] *Id.* at 10.

[33] *Id.* at 11.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 6–7.

5

fees and costs in this situation.[38] First, GIS argues that while the MSA allows for attorneys' fees arising from "pollution," the MSA narrowly defines pollution as including only fuel, lubricants, and drilling mud, not oil.[39] Thus, GIS asserts that BEEOO cannot recover for any fees related to oil pollution under the MSA.[40] Second, GIS contends that the "MSA's 'Indemnity and Liability' clause [] explicitly excludes 'special, indirect, and consequential damages,'" which GIS argues includes attorneys' fees, experts' fees, and litigation costs.[41] Third, GIS contends that the MSA's indemnity provision does not require GIS to indemnify BEEOO for BEEOO's negligence.[42] GIS argues that BEEOO "judicially admitted that its own negligence caused the multiple injuries and three deaths that occurred on November 16, 2012, in the Factual Basis filed in support of its plea agreement" in the criminal prosecution.[43] GIS contends that "a settling defendant, alleged to be negligent, could not shift the costs of its own negligence to a third party because its settlement foreclosed a judicial exoneration of its negligence."[44] Accordingly, GIS avers that it has no obligation to indemnify BEEOO under the terms of the MSA.[45]

Next, GIS asserts that LOIA "prohibits BEEOO from recovering its legal fees and litigation costs connected to the *Tajonera* case as well as the investigation, evidence collection, and expert

---

[38] *Id.* at 7–9.

[39] *Id.* at 8.

[40] *Id.* at 13.

[41] *Id.* at 15 (citing *Hanover Ins. Co. v. Plaquemines Parish Gov't*, No. 12-1680, 2015 WL 4394079 (E.D. La. 2015)).

[42] *Id.* at 9.

[43] *Id.* at 2.

[44] *Id.* at 11 (citing *Tanksley v. Gulf Oil Corp.*, 848 F.2d 515 (5th Cir. 1988)).

[45] *Id.* at 8–9.

6

services of ABS Consulting, both before and during the pendency of the *Tajonera* case."[46] GIS contends that "[t]he 'LOIA nullifies completely any provision in any agreement that requires indemnification where there is negligence or fault on the part of the indemnitee.'"[47] GIS argues that because BEEOO judicially admitted to its negligence in the criminal case, it is negligent under the terms of LOIA.[48] Further, GIS asserts that in *Tanksley*, the Fifth Circuit also held that "an indemnitee who settles a personal injury case is not entitled to a subsequent trial to determine that it was free from fault, and therefore is not entitled to its defense costs."[49] GIS proffers that because BEEOO settled the *Tajonera* case before the Court ruled on BEEOO's negligence, BEEOO is now precluded from trying to establish its lack of fault or negligence.[50] Accordingly, GIS argues that LOIA "explicitly invalidates the indemnity provisions of the MSA."[51]

Additionally, GIS asserts that LOIA "implicitly nullifies any right to recover these fees and costs as compensatory damages for breach of contract."[52] GIS contends LOIA "embodies such a strong public policy of the State of Louisiana that a negligent oil platform owner/operator such as BEEOO cannot evade the LOIA, by claiming the same damages as 'compensatory' damages for breach of contract, when BEEOO could not specifically contract[] for recovery of these same fees and costs in the MSA."[53] GIS argues that a contrary holding "would thwart the very purpose of the

---

[46] *Id.* at 12.

[47] *Id.* at 14 (quoting *Meloy v. Conoco*, 504 So.2d 833, 839 (La. 1987)).

[48] *Id.* at 15.

[49] *Id.* at 14 (citing *Tanksley*, 848 F.2d at 518).

[50] *Id.*

[51] *Id.* at 19.

[52] *Id.*

[53] *Id.* at 16.

7

LOIA."⁵⁴ Additionally, GIS asserts that indemnity provisions must be strictly construed under Louisiana law.⁵⁵

Finally, GIS alleges that if BEEOO's breach of warranty claim is governed by the MSA, the only remedy available to BEEOO is remediation of the defective performance.⁵⁶ Therefore, GIS insists that BEEOO cannot recover attorneys' fees and costs under the breach of warranty claim.⁵⁷ For the foregoing reasons, GIS argues that there is no basis for BEEOO to recover the requested attorneys' fees, experts' fees, and costs related to prior litigation, and GIS accordingly urges the Court to find that BEEOO is precluded from seeking these fees.⁵⁸

### B.   *BEEOO's Arguments in Opposition to the Motion for Summary Judgment*

In opposition, BEEOO argues that the Court should deny summary judgment for three reasons.⁵⁹ First, BEEOO argues that GIS mischaracterizes the fees that BEEOO is seeking.⁶⁰ Second, BEEOO asserts that the MSA does not preclude recovery of attorneys' fees and costs.⁶¹ Third, BEEOO contends that LOIA is not applicable to breach of contract claims.⁶²

First, BEEOO begins its opposition by alleging that many of the fees that GIS classifies as attorneys' fees, experts' fees, and costs related to the *Tajonera* litigation were unrelated to the

---

⁵⁴ *Id.*

⁵⁵ *Id.* at 17.

⁵⁶ *Id.* at 19.

⁵⁷ *Id.*

⁵⁸ *Id.* at 22.

⁵⁹ Rec. Doc. 105 at 1–2.

⁶⁰ *Id.*

⁶¹ *Id.*

⁶² *Id.*

8

*Tajonera* litigation and were merely costs associated with the West Delta 32 explosion.[63] BEEOO avers that the majority of the fees and costs were related to investigation of the incident, responding to inquiries from government agencies, search and rescue, clean-up after the explosion, and repair of the oil platform.[64] BEEOO further contends that even if some of the investigation and legal work was eventually utilized in the *Tajonera* litigation, it was initially undertaken for a different purpose.[65] Additionally, BEEOO asserts that "GIS wants the Court to dismiss entire categories outright without providing any level of granular evaluation of work supporting those categories."[66] According to BEEOO, GIS fails to recognize that each law firm was retained for different purposes and doing different work necessitated by the many legal issues raised by the explosion and subsequent pollution and regulatory investigations."[67]

Second, BEEOO asserts that the MSA's terms do not preclude the recovery of attorneys' fees and costs.[68] BEEOO clarifies that it "is not making a claim herein for defense and indemnity from GIS under the MSA."[69] BEEOO argues that "the availability of damages for breach of contract under Louisiana law includes those damages that were foreseeable in the event that the obligor failed to satisfy its obligations."[70] According to BEEOO, "the MSA clearly contemplates that attorneys' fees and costs are foreseeable consequences of personal injuries, property damage,

---

[63] *Id.* at 2.

[64] *Id.* at 2–3.

[65] *Id.*

[66] *Id.* at 3.

[67] *Id.* at 3–4.

[68] *Id.* at 9.

[69] *Id.* at 13.

[70] *Id.* at 12 (citing *Elliott v. Normand*, No. 07-569 (La. App. 5 Cir. 1/22/08); 976 So. 2d 738, 743; La. Civ. Code arts. 1994 and 1995).

9

breach of contract, and pollution."[71] Therefore, BEEOO argues that the fees and costs associated with GIS breaching the MSA are foreseeable.[72]

Next, BEEOO argues that LOIA does not apply to its breach of contract claims.[73] "BEEOO concedes that LOIA, if applicable, would void 'any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee…'"[74] However, BEEOO states that it is not seeking indemnification from GIS for the death or bodily injury to persons.[75] Instead, BEEOO asserts that it is seeking to recover its direct and foreseeable damages for GIS' breach of contract.[76] Therefore, BEEOO argues that LOIA is inapplicable.[77]

Alternatively, BEEOO contends that there are disputed issues of material fact as to whether GIS' work on BEEOO's platform "pertains to a well" as required under LOIA.[78] According to BEEOO, GIS' work aboard the West Delta 32 in November 2012 "included replacing valves on the production manifold – which commingled production from multiple wells into one output – on the WEMCO separator, and on the LACT system sump piping (process piping for the custody transfer meter)."[79] Therefore, BEEOO argues that "any argument GIS puts forth in its Motion

---

[71] *Id.*

[72] *Id.*

[73] *Id.* at 13.

[74] *Id.* (quoting La. R.S. § 9:2780(A)).

[75] *Id.* at 14.

[76] *Id.* at 14–15.

[77] *Id.* at 15.

[78] *Id.* at 13, 15.

[79] *Id.* at 19.

10

relying upon application of LOIA fails given the material issues of fact and law remaining."[80] As an additional alternative argument, BEEOO asserts that even if LOIA is applicable, its application is limited to claims for defense and indemnity brought by GIS employees and contractors for personal injury and death.[81] Therefore, BEEOO argues that LOIA would not preclude it from recovering expenses that "were completely unrelated to the defense and injury claims in the *Tajonera* litigation, even if some of that work was subsequently used for those purposes."[82]

Finally, BEEOO contends that additional disputed issues of fact preclude summary judgment.[83] Because the parties dispute whether the MSA applies to the case, BEEOO argues that the issue of "whether consequential damages are available to BEEOO remains in dispute and precludes summary judgment as to any damages claim which could be considered under that umbrella."[84] Additionally, BEEOO asserts that issues of fact preclude a finding of whether the damages were foreseeable because the question of whether or not damages are foreseeable is a question of fact.[85] Therefore, BEEOO argues that "because there are disputed issues of fact as to whether the MSA applies, and if so, if LOIA also applies, and if so, if any of BEEOO's damages claims fall within a category precluded by LOIA or the MSA," summary judgment is premature.[86]

---

[80] *Id.*

[81] *Id.*

[82] *Id.* at 19–20.

[83] *Id.* at 20.

[84] *Id.* at 20–21.

[85] *Id.* at 21 (citing *National Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 550 (5th Cir. 2005)).

[86] *Id.* at 22.

11

## C. GIS' Arguments in Further Support of the Motion for Summary Judgment

In reply, GIS argues that there are three independent reasons to grant GIS' motion for partial summary judgment: (1) the American Rule disallows attorneys' fees as an element of damages; (2) Louisiana's public policy mandates that oil platform owner/operators must bear the risk of their own bad behavior; and (3) the MSA excludes consequential damages.[87]

First, GIS asserts that BEEOO has not identified a contract provision that allows for recovery of attorneys' fees and legal costs or a statute that allows for such recovery in this case.[88] GIS contends that this category of expenses is "penal" in nature, not compensatory damages.[89]

Second, GIS contends that LOIA embodies Louisiana's strong public policy that oil platform owners bear the risk of their own bad behavior.[90] GIS argues that work on the West Delta 32 "pertained to wells connected to the platform."[91] In support, GIS cites the Factual Basis BEEOO entered in its criminal case, where BEEOO admitted that "welding of the sump line piping for the LACT unit upgrade" produced the explosion.[92]

Third, GIS argues that if the MSA applies it explicitly excludes "special, indirect, and consequential damages."[93] GIS asserts that this limitation excludes BEEOO from recovering attorneys' fees and legal costs.[94] For these reasons, GIS argues that the motion for summary judgment should be

---

[87] Rec. Doc. 108 at 2.

[88] *Id.* at 2–4.

[89] *Id.* at 2, 4 (citing *Benton v. Clay*, No. 48,425 (La. App. 2d Cir. 08/07/13); 123 So. 3d 212, 215).

[90] *Id.* at 6.

[91] *Id.* at 8.

[92] *Id.*

[93] *Id.* at 4.

[94] *Id.*

granted and the Court should rule that BEEOO is not entitled to recover attorneys' fees and litigation costs incurred outside of this case.[95]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[96] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[97] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[98] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[99] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[100]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes

---

[95] *Id.* at 10.

[96] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[97] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[98] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[99] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[100] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

demonstrate the absence of a genuine issue of material fact.[101] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[102] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[103] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[104]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[105] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[106]

---

[101] *Celotex*, 477 U.S. at 323.

[102] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

[103] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[104] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[105] *Little*, 37 F.3d at 1075.

[106] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

## IV. Analysis

In the instant motion for partial summary judgment, GIS argues that BEEOO is not entitled to attorneys' fees, experts' fees, and costs that arose outside of this litigation.[107] In opposition, BEEOO argues that these fees and costs are recoverable because they are part of the foreseeable damages that arose from GIS' breach of contract.[108]

Pursuant to Louisiana Civil Code article 1994, "[a]n obligor is liable for the damages caused by his failure to perform a conventional obligation."[109] "Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived."[110] "An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made."[111] "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform."[112]

Under Louisiana law, attorneys' fees generally are not recoverable unless authorized by statute or contract.[113] This prohibition against fee-shifting is commonly known as the "American Rule."[114] The Fifth Circuit has explained, "[i]t is beyond peradventure that, under Louisiana law, attorney's fees are recoverable only if they are authorized by statute or by contract."[115]

---

[107] Rec. Doc. 97-1 at 1.

[108] Rec. Doc. 105.

[109] La. Civ. Code art. 1994.

[110] La. Civ. Code art. 1995.

[111] La. Civ. Code art. 1996.

[112] La. Civ. Code art. 1997.

[113] *State, Dept. of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 441 (La. 1992) (citing *Huddleston v. Bossier Bank and Tr. Co.*, 475 So. 2d 1082 (La. 1985)).

[114] *Zurich Am. Ins. Co. v. Queen's Mach. Co., Ltd*, 08-546 (La. App. 5 Cir. 1/27/09), 8 So. 3d 91, 98 (internal citations omitted).

[115] *Homestead Ins. Co. v. Gaurentee Mut. Life Co.*, 459 F. App'x 398, 404 (5th Cir. 2012) (citing *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 201 (La. 2008) ("Louisiana courts have long held that attorney's fees are not allowed except

Additionally, "[u]nder Louisiana law . . . attorney's fees characterized as breach of contract damages are not compensable under Article 1994 and its corresponding statutes," including both Article 1996, which applies to an obligor in good faith, and Article 1997, which applies to an obligor in bad faith.[116]

As an initial matter, the Court notes that in the instant motion GIS only seeks dismissal of BEEOO's request for attorneys' fees, experts' fees, and costs that arose outside of this litigation. Paragraph 12.2 of the MSA provides for the recovery of attorneys' fees and costs "in any legal action in which BLACK ELK prevails, in whole or in part, brought against CONTRACTOR based on a breach of this Agreement."[117] The parties vigorously dispute whether the MSA applies to this case, and there are clearly genuine issues of material fact in dispute that would preclude summary judgment on that issue. However, if the MSA ultimately applies to this dispute, BEEOO would be entitled to recover the costs and attorneys' fees associated with the prosecution of this case in the event that BEEOO prevails in whole or in part against GIS.

BEEOO does not point to a contractual provision in the MSA that would allow it to recover attorneys' fees and costs related to prior litigation. In fact, BEEOO expressly states that it "is not making a claim herein for defense and indemnity from GIS under the MSA."[118] Instead, BEEOO argues that attorneys' fees and costs that arose outside of this litigation are recoverable because they are part of the foreseeable damages that arose from GIS' breach of contract. As discussed

---

where authorized by statute or contract."); *Hernandez v. Harson*, 111 So. 2d 320, 327 (La. 1959); *Chauvin v. La Hitte*, 85 So. 2d 43, 45 (La. 1956) ("On numerous occasions this court has said that ordinarily attorney's fees are not assessable as an item of damages unless provided for by law or by contract. The clear import of the language of the opinions is that no award of them can be made if not so particularly authorized.").

[116] *Homestead Ins. Co.*, 459 F. App'x at 405.

[117] Rec. Doc. 4-1 at 7.

[118] Rec. Doc. 105 at 13.

16

above, Louisiana courts have rejected the argument that attorneys' fees are statutorily authorized for the present action.[119] It does not appear that Louisiana courts have addressed the issue of whether a party may recover attorneys' fees incurred from previous litigation as a category of damages for breach of contract. However, there is some support for BEEOO's position.

Other jurisdictions that follow the "American Rule" allow for a "previous litigation exception." As explained by the Louisiana Civil Law Treatise:

> The previous litigation exception comes into play when, due to the wrongful act of another, a party is forced to protect his rights or interests by suing a third party, or by defending a suit brought by a third party. When such is the case, and the party who so acted later sues the one whose wrongful act prompted the previous litigation, he may then recover in that suit the fees he had to pay to his attorney for the original litigation. . . .[120]

The Fifth Circuit has also recognized that under Louisiana law courts may award attorneys' fees incurred in prior litigation as economic damages in a subsequent suit.[121] In *Kadlec Medical Center v. Lakeview Anesthesia Associates*, a Louisiana medical practice terminated a physician "for cause" after learning that the physician was abusing narcotics.[122] When the physician later applied for medical privileges at a hospital in the State of Washington, the hospital contacted the medical practice to inquire about the physician's references.[123] In response, the medical practice provided favorable reports and it did not inform the hospital of the physician's substance abuse issues.[124] The hospital then hired the physician.[125] Subsequently, a hospital patient under the

---

[119] *Homestead Ins. Co.*, 459 F. App'x at 405.

[120] Saul Litvinoff and Ronald J. Scalise Jr., 6 La. Civ. L. Treatise, *Law of Obligations* § 12.12 (2d ed.).

[121] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412 (5th Cir. 2008).

[122] *Id.* at 415.

[123] *Id.* at 416.

[124] *Id.*

[125] *Id.* at 417.

17

physician's care was severely injured and the patient's family sued the hospital.[126] The hospital and its insurer settled the lawsuit, in which they incurred approximately $744,000 in attorneys' fees and costs.[127] The hospital and its insurer then sued the medical practice asserting Louisiana state law claims for intentional misrepresentation, negligent misrepresentation, strict responsibility misrepresentation, and general negligence.[128] Following trial, the jury awarded the hospital and insurer attorneys' fees and costs incurred in the lawsuit with the patient's family.[129] The Fifth Circuit upheld the award, noting that although there was no Louisiana case directly on point, this conclusion was consistent with Section 914(2) of the Second Restatement of Torts.[130] The Restatement provides:

> One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for the loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.[131]

At least one district court confronted with this issue has found that *Kadlec* does not apply to breach of contract claims because the reasoning relies on the Restatement (Second) of Torts.[132] However, the rationale for allowing recovery of previous litigation expenses set forth in the Restatement (Second) of Torts is strikingly similar to the "previous litigation exception" set forth in the Louisiana Civil Law Treatise. Under this exception, BEEOO may be able to recover

---

[126] *Id.*

[127] *Id.* at 418.

[128] *Id.* at 417–18.

[129] *Id.* at 426.

[130] *Id.*

[131] *Id.*

[132] *Theriot v. State Farm Mut. Auto. Ins. Co.*, No. 17-1688, 2019 WL 1320009, at *3 (W.D. La. Mar. 22, 2019) (Morgan, J.).

18

attorneys' fees for the original litigation if it can prove that GIS' wrongful act prompted the previous litigation. There are clearly material facts in dispute regarding whether GIS' wrongful act prompted the previous litigation. Additionally, the Court notes that neither party has fully briefed these issues. Accordingly, granting summary judgment at this time would be premature.

GIS cites *Tanksley v. Gulf Oil Corp.* for the proposition that "a settling defendant, alleged to be negligent, could not shift the costs of its own negligence to a third party because its settlement foreclosed a judicial exoneration of its negligence."[133] In *Tanksley*, a defendant oil company brought a third-party indemnity claim against one of its contractors.[134] The district court dismissed the claim, finding that the Louisiana Oilfield Indemnity Act nullified the indemnity provision. LOIA provides:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals, which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for a defense or indemnity, or either, to the indemnitee to against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or independent contractor who is directly responsible to the indemnitee.[135]

In *Tanksley*, the Fifth Circuit held an oil company that settled with the plaintiff was barred by LOIA from pursuing the contractor for indemnity because the oil company, by choosing to settle with the plaintiff, voluntarily foreclosed determination of its negligence or fault.[136]

---

[133] Rec. Doc. 97-1 at 11 (citing 848 F.2d at 515).

[134] 848 F.2d at 515.

[135] La. R.S. § 9:2780(B).

[136] 848 F.2d at 517–18.

19

Here, BEEOO has clearly stated that "is not making a claim herein for defense and indemnity from GIS under the MSA."[137] Accordingly, the Court need not address the issue of whether the MSA and LOIA apply. Finally, to the extent that GIS urges the Court to extend LOIA beyond its express terms to nullify "any right to recover these fees and costs as compensatory damages for breach of contract,"[138] GIS has not provided any support for this assertion. LOIA applies to defense and indemnity obligations, and BEEOO is not seeking defense and indemnity from GIS.

## V. Conclusion

For the foregoing reasons, there is a genuine issue of material fact in dispute as to whether GIS' wrongful act prompted the previous litigation. Additionally, the Court notes that neither party has fully briefed these issues. Accordingly, granting summary judgment at this time would be premature.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Grand Isle Shipyard, Inc.'s "Motion for Partial Summary Judgment"[139] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  23rd  day of August, 2019.

          **NANNETTE JOLIVETTE BROWN**
          **CHIEF JUDGE**
          **UNITED STATES DISTRICT COURT**

---

[137] Rec. Doc. 105 at 13.

[138] *Id.* at 19.

[139] Rec. Doc. 97.