UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129-WBV-MBN**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK OFFSHORE OPERATIONS, LLC** | **SECTION D(5)** |

## ORDER

Before the Court is Plaintiff Grand Isle Shipyards, Inc.'s Re-Urged Motion for Partial Summary Judgment.[1] The motion is fully briefed.[2] After careful consideration of the parties' memoranda and the applicable law, the Court DENIES the re-urged motion for partial summary judgment.[3]

### I.   BACKGROUND

For the sake of judicial efficiency, the Court adopts the factual and procedural background as stated in the July 22, 2019 Order, denying Plaintiff Grand Isle Shipyards, Inc.'s ("GIS") original motion for partial summary judgment.[4] On November 4, 2019, GIS re-urged its motion, arguing against the Court's finding that

---

[1] R. Doc. 249.
[2] R. Doc. 271 Response in Opposition; R. Doc. 316 Reply.
[3] R. Doc. 249.
[4] R. Doc. 194 Order Denying R. Doc. 125 Motion for Partial Summary Judgment.

GIS did not present sufficient evidence to establish the essential elements of any of its breach of contract claims.[5] In that July 22, 2019 Order, the Court found that the plaintiff had proven the existence of an oral contract but had not proven all of the essential elements of its breach of contract claim for each individual work project:

> Viewed in this manner, GIS provides scant evidence in support of its motion that establishes the essential elements of any of its breach of contract claims. There is no description of each of the separate work projects, and no clear dates, project details, or invoice amounts attached to each work project. GIS merely attaches to the motion hundreds of pages of difficult-to-read documents that were filed in the bankruptcy proceeding as part of GIS' LOWLA claims in multiple, separate cases that are not all before this Court. Further, GIS does not provide any evidence in its motion that BEEOO approved any of the invoices that it claims it submitted to BEEOO. Therefore, GIS has not presented sufficient evidence to establish that BEEOO failed to perform the obligation or the amount of resulting damages. Because GIS does not establish beyond peradventure all of the essential elements of any breach of contract claim, summary judgment must be denied.

R. Doc. 194, pp. 13-14 (internal citations omitted). GIS re-urges its motion for partial summary judgment "to highlight the evidence demonstrating each of the elements of GIS's breach of contract claim with respect to each individual invoice."[6] GIS submits that 1,434 invoices remain unpaid, which have an aggregate balance of $3,186,431.57.[7] Of the 1,434 unpaid invoices, ten (10) allegedly include charges for D&R Labor Resources, LLC ("D&R") workers. These ten (10) invoices include $48,725.12 in charges for D&R workers, along with $56,150.38 in charges for GIS labor, Gulf South labor, and rentals.[8] GIS states the total amount due on the D&R

---

[5] R. Doc. 194, p. 13.
[6] R. Doc. 249, pp. 1-2.
[7] *Id.* at p. 4.
[8] *Id.*

invoices is $104,875.50.[9] The total outstanding balance due on the 1,308 signed Non D&R Invoices is $2,939,656.40.[10] Additionally, GIS states that Defendant Black Elk Offshore Operations, LLC ("BEEOO") refused to sign work tickets associated with 116 of the allegedly undisputed invoices, despite ordering and accepting the goods and services.[11] The total outstanding balance on the unsigned Non-D&R Invoices is $141,899.67.[12]

GIS submits that BEEOO does not object the amount that GIS billed BEEOO for materials or GIS labor.[13] GIS states that BEEOO's sole objection to GIS's claim is the amount billed for D&R labor.[14] GIS states that BEEOO's 30(b)(6) deposition and the testimony of the founder and former BEEOO CEO, John Hoffman, underscore the lack of dispute over BEEOO's liability for the unpaid invoices.[15]

In response, BEEOO argues that GIS fails to acknowledge the Court's findings in its July 22, 2019 Order and thus fails to cure or address the issues of law and fact that BEEOO argues still preclude summary judgment on GIS's breach of contract claim.[16] BEEOO submits that the only evidence GIS offers to support the requisite evidence of the first element of a breach of contract claim, that BEEOO undertook an obligation to GIS, is testimony of a witness for the party and sufficient corroborating

---

[9] *Id.*
[10] *Id.* at p. 5.
[11] *Id.*
[12] *Id.*
[13] *Id.* at p. 6.
[14] *Id.*
[15] *Id.* at p. 7; R. Doc. 249-2, ¶¶ 35-37.
[16] R. Doc. 271, p. 1.

evidence.[17] The defendant alleges that GIS lacks proof of oral contracts between BEEOO and GIS for each of the invoices discussed in GIS's motion for partial summary judgment.[18] Specifically, the Court, in its previous Order, analyzed the evidence GIS presented and while finding that an oral contract existed for the work GIS did on West Delta 32 (the platform that suffered an explosion on November 12, 2016), the Court explicitly found that GIS did not meet its burden of proving an oral contract existed with respect to each of the more than $3 million in invoices GIS claims are owed by BEEOO for work at other locations.[19]

BEEOO argues that rather than submit additional evidence or testimony to establish a breach of oral contract for each of its invoices relating to work and equipment on platforms and locations other than West Delta 32, GIS submits another Affidavit from its Vice-President, Bryan Pregeant, and additional documents, including alleged unpaid invoices. BEEOO argues that these documents do not establish GIS's allegation that "BEEOO expressly promise[d] to pay GIS for its Services."[20] The defendant argues that, contrary to GIS's claims, none of GIS's invoices are undisputed and none of GIS's invoices have been approved by BEEOO. In support of this, BEEOO cites the Declaration of BEEOO's former Vice-President of Operations, Cliff Joe Bruno, which BEEOO filed in opposition to the original motion for partial summary judgment. In the Declaration, Cliff Joe Bruno "very

---

[17] *Id.* at pp. 5-6, citing R. Doc. 194, p. 13.
[18] R. Doc. 271, p. 6.
[19] *Id.* at p. 4.
[20] *Id.* at p. 7.

clearly testified . . . that BEEOO has not approved payment of the GIS invoices contained within GIS's Proof of Claim in BEEOO's Bankruptcy, which are the very same invoices presented in this Motion."[21] BEEOO argues that the fact that Mr. Bruno testified that GIS's invoices were not approved, alone, establishes a material issue of fact, defeating the re-urged motion.[22]

The defendant further disputes the allegations that GIS has put forth "undisputed evidence" as to the breach of contract claims: "To be clear—no BEEOO representative has ever testified that each time BEEOO sent a request for work to GIS constituted an oral and written contract."[23] The defendant argues that the plaintiff submits to the Court "evidence" that comprises summary representations and self-serving testimony. Regarding the alleged 116 invoices that GIS claims BEEOO orally approved and wrongfully refused to sign, the defendant rejoins that nothing in the record suggests that there was anything wrongful in the refusal to sign. The defendant offers the possibility that the refusals "could just as easily signal an indication that the work or equipment included therein was not provided or not satisfactory."[24]

The defendant asserts that there are significant, disputed issues of material fact concerning GIS's entitlement to more than $3 million through the alleged unpaid invoices and the issue of D&R's status as a subcontractor in breach of the contracts

---

[21] *Id.* at p. 7. "BEEOO has not approved payment of the GIS invoices contained within GIS's Proof of Claim in BEEOO's Bankruptcy." R. Doc. 133-1, ¶ 5.
[22] R. Doc. 271, p. 8.
[23] *Id.*
[24] *Id.* at p. 11.

with the defendant. Therefore, BEEOO urges, the Court must deny GIS's re-urged motion.

The plaintiff rejoins, quoting testimony from Mr. Bruno, in which Mr. Bruno states that BEEOO's sole objection to the invoices is amounts billed for D&R Labor. Mr. Bruno went on to theorize the amount GIS is owed, stating "You know, I believe if you perform goods and services legitimately, you should be paid for it."[25]

## II. LEGAL STANDARD

Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[26] If the movant shows the absence of a disputed material fact, the non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[27] The Court views facts and draws reasonable inferences in the non-movant's favor.[28] The Court neither assesses credibility nor weighs evidence at the summary judgment stage.[29]

Under Louisiana law, to assert a breach of contract claim, the plaintiff must show: "(1) the obligor undertook an obligation to perform; (2) the obligor failed to perform the obligation, resulting in a breach; and (3) the failure to perform resulted in

---

[25] R. Doc. 316, pp. 2-3.
[26] FED. R. CIV. P. 56(a).
[27] *McCarty v. Hillstone Restaurant Grp., Inc.*, 864 F. 3d 354, 357 (5th Cir. 2017).
[28] *Vann v. City of Southaven, Miss.*, 884 F. 3d 307, 309 (5th Cir. 2018).
[29] *Gray v. Powers*, 673 F. 3d 352, 354 (5th Cir. 2012) (internal citation omitted).

damages to the obligee."[30] "[The] party who demands performance of an obligation must prove the existence of the obligation."[31]

## III. ANALYSIS

After careful consideration of the parties' memoranda, the applicable law, and the Court's previous Order, although there appears to be evidence that GIS is owed money, there are still genuine issues of material fact as to the amount and projects. The plaintiff's statements that each invoice is undisputed are contradicted by the fact that the plaintiff does not provide evidence that an oral contract exists for each project. Although the plaintiff cites to testimony, in which BEEOO representatives acknowledged that the plaintiff is owed something, the plaintiff mostly cites to its own statement of contested/uncontested facts.[32] It still has not presented sufficient evidence to establish that BEEOO failed to perform the obligation or the amount of resulting damages. The plaintiff interprets the Court's previous Order, stating,

> the Court reasoned that GIS failed to demonstrate a breach as to each individual invoice, stating: "There is no description of each of the separate work projects, and no clear dates, project details, or invoice amounts attached to each work project. . ." a position that GIS respectfully disagrees with. Nonetheless, this Court has clearly determined that an agreement between the parties existed by which GIS would provide its Services in exchange for payment from BEEOO.

R. Doc. 316, p. 5. The plaintiff interprets the Court's Order narrow-mindedly. In the paragraph preceding the quoted section, the Court clearly states

---

[30] *Sanga v. Perdomo*, 167 So. 3d 818, 822 (5th Cir. 2014); La. Civ. Code art. 1994; *Favrot v. Favrot*, 10–0986 (La. App. 4 Cir. Feb. 9, 2011), 68 So.3d 1099, 1109.
[31] La. Civ. Code art. 1831.
[32] R. Doc. 249-2.

> The existence of an oral contract, however, is not enough to support judgment as a matter of law on GIS' breach of contract claim. The Fifth Circuit has made clear that when a plaintiff such as GIS moves for summary judgment on a claim, "the movant…must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [its] favor." GIS does not meet this burden here. The oral contract that is evinced by Pregeant and Bruno's statements merely proves that the parties had a working relationship wherein GIS would perform services and BEEOO would pay for said services. However, both sides admit that GIS completed multiple work projects for BEEOO over the years. GIS is attempting to collect $3,359,309.58 in damages, an amount that is comprised of dozens of work projects which were initiated, completed, invoiced, and reviewed separately. Thus, GIS must prove a breach of contract with respect to each individual claim.

R. Doc. 194, p. 13. The Court thoroughly discussed Mr. Bruno's testimony in its previous Order, and found that Mr. Bruno's statements merely prove a working relationship. The Court finds there are still genuine issues of material fact as to the approval and amount of each project.

The Court's July 22, 2019 Order found the existence of an oral contract as to West Delta 32. As stated in the previous Order, "Examining GIS' proffered evidence under the Louisiana standard for oral contracts, the Court finds that GIS has presented sufficient evidence to prove the existence of an oral contract between the parties."[33] This sentence was referring to the immediately preceding language, which specifically related to the work on West Delta 32. The Court has thoroughly reviewed the documents attached to the re-urged motion—especially what appears to be spreadsheets of amounts due regarding West Delta 32 in the 461 page document attached to the motion.[34] However, this "evidence" does not appear to be invoices

---

[33] R. Doc. 197, p. 12.
[34] R. Doc. 249-3, pp. 142-143. This information was also before the Court in the original motion. R. Doc. 125, pp. 161-162.

approved and unpaid by BEEOO. The Fifth Circuit has made clear that the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."[35] In light of this requirement, the plaintiff still provides insufficient evidence to meet this burden in its re-urged motion.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Grand Isle Shipyards, Inc.'s Re-Urged Motion for Partial Summary Judgment (R. Doc. 249) is DENIED.

New Orleans, Louisiana, this the 11th day of May, 2020.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[35] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).