UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

# ORDER

Before the Court is Black Elk Energy Offshore Operations, LLC's Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial.[1] The Motion is fully briefed.[2] Before the Court is also Black Elk Energy Offshore Operations, LLC's Motion for Partial Summary Judgment Regarding Alleged Legal Duty to Supervise and Ensure Safe Work by Black Elk's Independent Contractors.[3] That Motion is also fully briefed.[4] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court grants the Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial, and denies the Motion for Partial Summary Judgment Regarding Alleged Legal Duty to Supervise and Ensure Safe Work as moot.

---

[1] R. Doc. 251.
[2] R. Doc. 270 (Response in Opposition); R. Doc. 311 (Reply).
[3] R. Doc. 254.
[4] R. Doc. 273 (Response in Opposition); R. Doc. 309 (Reply).

## I. BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[5] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on various oil and gas wells.[6] BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[7] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[8] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[9] *United States v. Black Elk Energy Offshore Operations, LLC*,[10] *United States v. Don Moss*,[11] and *United States v. Chris Srubar*.[12] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[13]

The parties' Proposed Pretrial Order makes clear that GIS intends to defend against BEEOO's breach of contract claim by arguing that BEEOO itself was at fault. It specifically includes the following Contested Issue of Law: "Whether BEEOO can

---

[5] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.
[6] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*
[7] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[8] *See id.* at 10 ¶ 16.
[9] Civil Docket No. 13-366.
[10] Criminal Docket No. 15-197-1.
[11] Criminal Docket No. 15-197-2.
[12] Criminal Docket No. 15-197-6.
[13] R. Doc. 70; R. Doc. 76.

recover any damages from GIS for breach of any contract provision when BEEOO itself and BEEOO's Person-In-Charge and construction supervisor contributed to the tank explosion and fire."[14] GIS has also included related contested issues of law in the Proposed Pretrial Order.[15]

BEEOO now moves for Partial Summary Judgment, arguing that Louisiana law does not allow for its damages to be reduced by BEEOO's comparative fault.[16] Specifically, in this breach of contract action, BEEOO contends that Louisiana Civil Code article 2003, which allows for a plaintiff's damages to be reduced in instances of bad faith or negligence, does not apply. BEEOO contends that both the Louisiana Supreme Court and the Fifth Circuit have held that article 2003 requires an antecedent breach on the part of the plaintiff which in turn caused the defendant to breach the contract. BEEOO avers that GIS can make no showing of an antecedent breach by BEEOO which caused GIS to breach the contract.

In its Opposition,[17] while noting that the Louisiana Supreme Court has not spoken definitively on this issue, GIS argues Louisiana Civil Code article 2323, which allows for a reduction of damages where there is comparative fault, applies to both contract and tort claims. GIS also argues that the plain language of article 2003 allows for a reduction in damages based on BEEOO's fault, and avers that the Louisiana Supreme Court case interpreting article 2003 is distinguishable from the

---

[14] R. Doc. 171 at 22 ¶ 9.
[15] *Id.* at 23 ¶¶ 12-15.
[16] R. Doc. 251-1.
[17] R. Doc. 202.

facts of this case. In its Reply,[18] BEEOO argues that GIS ignores recent court decisions regarding the interpretation of article 2323 and misunderstands the law as it applies to article 2003.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[19] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[20] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[21] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[22]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[23] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by

---

[18] R. Doc. 311.
[19] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[20] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[21] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[22] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).
[23] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

"showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[24] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[25] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[26]

### III. ANALYSIS

#### A. Allocation of Fault

The primary legal issue presented by the parties in this Motion is whether or not Louisiana Civil Code article 2003 allows GIS to reduce the damages it purportedly owes BEEOO based on BEEOO's alleged negligence or bad faith. That article provides:

> An obligee may not recover damages when his own bad faith has caused the obligor's failure to perform or when, at the time of the contract, he has concealed from the obligor facts that he knew or should have known would cause a failure. If the obligee's negligence contributes to the obligor's failure to perform, the damages are reduced in proportion to that negligence.[27]

---

[24] *Id.* at 1265.
[25] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[26] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[27] La. Civ. Code art. 2003.

GIS argues that the plain language of article 2003 demonstrates that GIS may reduce its damages for breach of contract in proportion to BEEOO's negligence. But as BEEOO correctly argues, the Louisiana Supreme Court has explicitly held that article 2003 applies only when there is an antecedent breach on the part of the obligee. In *Lamar Contractors, Inc. v. Kacco, Inc.*[28] the Louisiana Supreme Court analyzed article 2003 and noted that its previous jurisprudence "emphasized that the obligor must establish that the obligee breached the contract, thereby making it more difficult for the obligor to perform its obligation."[29] In that case, the Court held that "an obligor cannot establish an obligee has contributed to the obligor's failure to perform unless the obligor can prove the obligee itself failed to perform duties owed under the contract."[30] Applying the Louisiana Supreme Court's reasoning verbatim here: "Stated in other words, [GIS] must demonstrate that [BEEOO] failed to perform its obligations under the contract, which in turn contributed to [GIS's] breach of contract."[31]

GIS attempts to distinguish *Lamar*, contending that that case did not deal with a situation where an obligee has admitted negligence and further did not deal with a case where the obligee acted in bad faith. But even where negligence is admitted by an obligee, *Lamar's* holding that an antecedent breach is necessary for application of article 2003 still stands. Further, the Fifth Circuit has cited *Lamar*'s interpretation of article 2003 approvingly, and applied the same analysis to article 2003's bad faith

---

[28] 189 So.3d 394 (La. 2016).
[29] *Id.* at 398 (citing *Board of Levee Com'rs of Orleans Levee Dist. v. Hulse*, 120 So. 589, 590 (La. 1929)).
[30] *Id.*
[31] *Id.*

provision.[32]  As stated by the Fifth Circuit, "The reasoning of *Lamar* did not depend on the relationship between bad faith and negligence.  W&T [Defendant] offers no principled reason why the Louisiana Supreme Court would have chosen not to recognize a requirement of breach had the obligee in that case acted in bad faith, rather than negligently.  Indeed, we find no distinction in *Lamar*."[33]  Accordingly, in order to be entitled to a reduction in damages due to BEEOO's bad faith or negligence under article 2003, GIS must demonstrate an antecedent breach of contract by BEEOO which caused GIS's breach.

GIS also argues that Louisiana Civil Code article 2323, which allows for a reduction of damages due to comparative fault in Louisiana tort actions, should apply in this contractual dispute to reduce BEEOO's purported damages.  GIS again emphasizes the plain language of the article, which states that it shall apply "to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability."[34]  GIS's argument ignores the body of caselaw holding that article 2323 applies only to actions sounding in tort, not those sounding in contract.  As both parties recognize, Judge Milazzo reasoned in *Hanover Inc. Co. v. Plaquemines Parish Government*[35] that because article 2323 is found in Title V of Book III of the Civil Code, it is intended to apply only to tort law.[36]  Numerous Louisiana courts have come to the same

---

[32] *See Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 655 (5th Cir. 2019); *see also Whitney Bank v. SMI Companies Global, Inc.*, 949 F.3d 196, 211 (5th Cir. 2020).
[33] *Apache Deepwater,* 930 F.3d at 655.
[34] La. Civ. Code art. 2323.
[35] No. 12-1680, 2015 WL 4167745 (E.D. La. July 9, 2015).
[36] *Id.* at *5-6.

conclusion.[37] The Court therefore finds that article 2323 therefore does not apply in this breach of contract action.

Having determined that article 2323 is not applicable to BEEOO's breach of contract claim, and having determined that Louisiana law requires a party to demonstrate an antecedent breach to invoke article 2003, the Court turns to the only question that remains: can GIS demonstrate an antecedent breach so as to reduce its breach of contract damages under article 2003?

In GIS's Answer to BEEOO's First Amended and Supplemental Counterclaim, BEEOO asserts as its eleventh affirmative defense that "Defendant's counterclaims are barred, in whole or in part, because Defendant breached contractual agreements with GIS."[38] GIS fails, however, to identify any specific provision of any contract that BEEOO breached in this defense.[39] In its Opposition, GIS also gestures broadly to various uncontested facts, which it purports establish that BEEOO breached a contract with GIS or acted in bad faith.[40] GIS also focuses in on the actions of Don Moss and Chris Srubar, which it argues are imputable to BEEOO. But again, GIS fails to demonstrate how these facts would prove a breach of contract, and GIS does not even argue that such a breach would be an *antecedent* breach which in turn *caused* GIS's breach. "The party opposing summary judgment is required to identify

---

[37] *See Justiss Oil Co. v. Oil Country Tubular Corp.*, 216 So.3d 346, 355-56 (La. App. 3 Cir. 2017); *Hoffman v. B&G, Inc.*, 215 So.3d 273, 282 (La. App. 1 Cir. 2017); *Touro Infirmary v. Sizeler Architects*, 900 So.3d 200, 205-206 (La. App. 4 Cir. 2005).
[38] R. Doc. 173 at 3.
[39] The Court does not address here GIS's own Breach of Contract Claim for BEEOO's failure to pay for GIS's services. That claim is the subject of other motions, *see* R. Doc. 253, and clearly does not deal with an *antecedent* breach on the part of BEEOO.
[40] *See* R. Doc. 270 (citing to R. Doc. 171 at Uncontested Facts Nos. 7-10, 13-24).

specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[41] Here, GIS has not come forward with any contractual provision allegedly breached by BEEOO that in turn caused GIS's breach. Accordingly, these facts cannot support a reduction of damages under Louisiana Civil Code article 2003.

## B. Duty to Supervise and Ensure Safe Work

BEEOO separately moves for an order establishing as a matter of law that Black Elk did not have a legal duty to ensure its independent contractors performed their hot work in a safe and workmanlike manner or to ensure that their hot work complied with federal regulations.[42] In that Motion, BEEOO states that "Black Elk's separate Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial, if granted, would moot any inquiry into whether Black Elk is responsible for Srubar and Moss [purported independent contractors]."[43] It also stated that "[i]n any event, this Court's granting of Black Elk's separate Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial would moot the issues presented in the instant Motion."[44] Because the Court finds it appropriate to grant BEEOO's Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial, it finds BEEOO's Motion regarding supervision of independent contractors moot.[45]

---

[41] *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[42] R. Doc. 254.
[43] R. Doc. 254-1 at 2.
[44] *Id*. at 9.
[45] The Court notes that BEEOO's Motion regarding supervision of independent contractors assumes that GIS sought to introduce evidence that Srubar's and Moss's negligence could be imputed to BEEOO in order to reduce its damages under Louisiana Civil Code articles 2003 or 2323. GIS's Oppositions to BEEOO's Motions indicate this as well. *See* R. Doc. 270 at 10, R. Doc. 273 at 12. To the extent that

IV.  CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion for Partial Summary Judgment Regarding Allocation of Fault is **GRANTED**.  **IT IS FURTHER ORDERED** that BEEOO's Motion for Partial Summary Judgment Regarding Alleged Legal Duty to Supervise and Ensure Safe Work by Black Elk's Independent Contractors is **DENIED AS MOOT**.

New Orleans, Louisiana, February 12, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

GIS seeks to argue that Srubar's and Moss's negligence could be imputed to BEEOO for reasons other than those addressed in this Order, the Court will consider such issues as appropriate at trial.