UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

## ORDER

Before the Court is Black Elk Offshore Operations, LLC's Motion *in Limine* to Exclude Grand Isle Shipyard's expert John Hughett.[1] The Motion is fully briefed.[2] After careful consideration of the parties' memoranda and the applicable law, the Court grants the Motion.

### I. BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that

---

[1] R. Doc. 134.
[2] R. Doc. 150 (Response in Opposition); R. Doc. 162 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.
[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*

GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

In the *Tajonera* matter, GIS sought to introduce the testimony and report of its liability expert, John Hughett. BEEOO moved to exclude Hughett's testimony, arguing that he lacked expertise in oil production, that his testimony was based on disputed facts, and that his testimony was composed largely of legal conclusions.[12] The *Tajonera* court granted BEEOO's motion in part and excluded a significant portion of Hughett's testimony.[13] That court excluded Hughett's opinions on BEEOO's culture or reputation, forbade Hughett from offering opinions that would simply tell the jury what result to reach, and agreed to hold a *Daubert* hearing at

---

[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] *See Tajonera v. Black Elk Energy Offshore Operations, LLC*, Docket No. 13-366, R. Doc. 509.
[13] Docket No. 13-366, R. Doc. 1053.

trial to assess Hughett's qualifications.[14] The parties settled before the end of trial in *Tajonera*.

GIS now seeks to introduce Hughett's testimony in this litigation.[15] The parties' Proposed Pretrial Order states that "John P. Hughett, P.E., is expected to testify on matters and opinions as set forth in his timely disclosed expert report, as may be modified, supplemented or amended by evidence adduced thereafter."[16] Importantly, Hughett did not produce his original report from the *Tajonera* matter in this litigation, but rather produced only a nine-page report which references his *Tajonera* report in certain instances.[17]

BEEOO now moves to exclude Hughett's report and testimony.[18] First, BEEOO argues that Hughett relies heavily on his earlier report produced in the *Tajonera* litigation that was largely excluded by the *Tajonera* court. BEEOO contends that because that report was not produced in this litigation, Hughett should be prohibited from testifying about that report. Second, BEEOO argues that Hughett lacks the requisite experience to opine in this matter because his expertise is in drilling, rather than production. Should the Court not outright exclude Hughett pursuant to the instant Motion, BEEOO requests a *Daubert* hearing.

Next, BEEOO contends that Hughett's opinions that BEEOO, Don Moss, and Chris Srubar were negligent in causing the West Delta 32 explosion should be

---

[14] *Id.* at 16-22.
[15] R. Doc. 171 at 60 (Proposed Pretrial Order).
[16] *Id.*
[17] R. Doc. 134-2.
[18] R. Doc. 134.

excluded as irrelevant because BEEOO's negligence is not at issue in this breach of contract action. BEEOO further contends that Hughett's testimony is cumulative with BEEOO's factual basis in the related criminal case, *United States v. Black Elk Energy Offshore Operations, LLC*,[19] and that the *Tajonera* court's ruling excluding Hughett's opinions should apply in equal force to any conclusions of law Hughett now repeats. Finally, BEEOO seeks to exclude Hughett's comments regarding GIS, including opining on BEEOO's alleged knowledge that GIS would be using personnel from staffing agencies to perform the work. BEEOO argues that Hughett's opinions do not require expert testimony and are not helpful to the Court in this matter. BEEOO further contends that Hughett's opinions regarding GIS lack sound methodology and are "[m]ere observations and conclusory statements."[20]

GIS has filed an Opposition to BEEOO's Motion.[21] GIS argues that Hughett has "extensive experience in all phases of oilfield operations."[22] GIS also argues that the factual bases in the various related criminal cases "confirm many of the opinions offered by Hughett previously" in his *Tajonera* report.[23] GIS emphasizes that because this matter will be tried to the bench, rather than to a jury, the safeguards of *Daubert* are relaxed, and the *Tajonera* court's ruling excluding large portions of Hughett's previous report is therefore distinguishable.

---

[19] Criminal Docket No. 15-197-1.
[20] R. Doc. 134-1 at 13.
[21] R. Doc. 150.
[22] *Id.* at 2.
[23] *Id.* at 4.

In its Reply,[24] BEEOO presses that the fact that this case is set for a bench trial does not mean that an unqualified, unhelpful expert's opinion should be admitted. BEEOO also reiterates many of the arguments it made in its earlier Motion, including that Hughett's earlier report should be excluded.

## II.  LEGAL STANDARD

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving, by a preponderance of the evidence, that the testimony satisfies Federal Rule of Evidence 702.[25] Rule 702, which governs the admissibility of expert testimony,[26] provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) The testimony is based on sufficient facts or data;
> > (c) The testimony is the product of reliable principles and methods; and
> > (d) The expert has reliably applied the principles and methods to the facts of the case.[27]

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[28] and *Kumho Tire Co. v. Carmichael*.[29]

---

[24] R. Doc. 162.
[25] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[26] *In re Chinese Manufactured Drywall Products Liability Litigation*, No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2010).
[27] Fed. R. Evid. 702.
[28] 509 U.S. 579 (1993).
[29] 526 U.S. 137 (1999).

The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the individual possesses the requisite qualifications to render an opinion on a particular subject matter.[30] After defining the permissible scope of the expert's testimony, the court must determine whether the opinions are reliable and relevant before they can be admitted.[31] The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[32]

As correctly pointed out by GIS, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[33] "[A] judge in a bench trial should have discretion to admit questionable technical evidence, although of course he must not give it more weight than it deserves."[34] That said, although district courts retain latitude to determine how to apply the *Daubert* requirements in a bench trial, a court may not "sidestep[] Rule 702 altogether and decline[] to perform any assessment of [expert] testimony before trial."[35]

### III. ANALYSIS

The Court first addresses whether Hughett may rely on his previous report, produced in the *Tajonera* litigation, in this litigation. Notably, Hughett's new report often seems to incorporate the *Tajonera* report with little additional analysis beyond

---

[30] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011).
[31] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93).
[32] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93).
[33] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[34] *SmithKline Beecham Corp v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).
[35] *UgI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3rd Cir. 2020).

stating that his previous report's analysis is consistent with the factual bases in related criminal cases.[36]

It is undisputed that Hughett did not exchange his *Tajonera* report in this litigation, but rather only a shorter report that often references his earlier report. Notably, in the six separate sections of Hughett's report, his previous *Tajonera* report is referenced within each and every section. The Court therefore essentially considers this a question of whether to admit an expert report that was not timely disclosed under Federal Rule of Civil Procedure 16. In considering this under Federal Rule of Civil Procedure 16, the Court considers (1) the explanation for failure to submit a timely report, (2) the importance of the testimony; (3) potential prejudice for allowing the testimony; and (4) the availability of a continuance to cure such prejudice.[37] GIS provides no explanation whatsoever for why it did not produce Hughett's *Tajonera* report in this litigation, or why it did not ask Hughett to update his previous report and produce a comprehensive report with renewed conclusions supported by the evidence. The first factor therefore weighs heavily in favor of exclusion. While GIS clearly believes the expert's testimony is relevant, it provides no argument that the testimony is essential and would unduly prejudice GIS if excluded. Indeed, for the reasons stated in more detail below, namely, that much of the report is unhelpful to the Court, the Court finds that the second factor falls in favor of exclusion. Moreover, although BEEOO had access to Hughett's previous report from the *Tajonera* litigation, BEEOO is prejudiced as it is unclear what portions of Hughett's previous

---

[36] *See* R. Doc. 134-2 at 6-8.
[37] *Reliance Insurance Co. v. La. Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

report he may seek to testify about in the instant litigation. Thus, the third factor weighs in favor of exclusion.

Further, Hughett's original report was found deficient by the *Tajonera* court.[38] GIS seems to contend that that ruling is no longer relevant, as BEEOO, Moss, and Srubar signed factual bases in criminal cases that Hughett opines affirm many of the opinions in his original report. GIS's reliance on those guilty pleas as support for Hughett's original and new report miss the point. Hughett's original report was excluded not because it was based on disputed facts, but, instead, because the court determined that it was inappropriate for an expert witness to tell the factfinder "what a defendant's duty was, how it breached it, and how damages resulted from that breach."[39] The fact that this matter will be tried to a bench, rather than a jury, does not remedy this issue. While GIS is correct that the safeguards of *Daubert* are loosened in a bench trial, they are not discarded, especially when the expert report in question has already been found to largely run afoul of *Daubert*. Even in a bench trial, a court may not "sidestep[] Rule 702 altogether and decline[] to perform any assessment of [expert] testimony before trial."[40] Accordingly, exclusion of Hughett's original report is appropriate.

The report Hughett produced in this litigation is also deficient under *Daubert*. The majority of Hughett's report quotes from BEEOO's, Don Moss's, or Chris Srubar's factual bases, then repeats "these facts are no longer in dispute. This is consistent

---

[38] Docket No. 13-366, R. Doc. 1053. The Court notes that the ruling by a separate section of this court in a separate case is not binding here. It is, however, persuasive authority.
[39] *Id.* at 17 (citing *Askanse v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)).
[40] *UgI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3rd Cir. 2020).

with my previous report."[41] The factual bases speak for themselves; the Court does not require an expert to read and apply the factual bases.[42] Further, in light of the Court's ruling regarding allocation of fault at trial,[43] it is unclear what the relevance of Hughett's testimony here is. Accordingly, the bulk of Hughett's report in this litigation is plainly unhelpful to the trier of fact.[44]

Nor are Hughett's opinions regarding GIS appropriate under *Daubert*. Hughett makes comments such as "BLACK ELK knew that the Gulf of Mexico was busy and personnel was difficult to obtain" and "[i]t is also obvious that BLACK ELK knew of and condoned work personnel provided by staffing agencies."[45] These opinions are not are not based on Hughett's "scientific, technical, or other specialized knowledge" nor are they "the product of reliable principles and methods."[46] The only evidence (other than his previous, unproduced report) which Hughett cites to is an email which speaks for itself.[47] Hughett also cites to GIS's factual basis (which also speaks for itself), but states that "it should be pointed out that the Fifth Circuit affirmed the district court dismissal of criminal violations brought against oil platform contractors pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C.S. § 1331."[48] The Court notes that the Fifth Circuit's opinion in *United States v. Moss*

---

[41] R. Doc. 134-2.
[42] *See, e.g.*, *Waymo LLC v. Uber Technologies, Inc.*, No. 17-939, 2017 WL 5148390, at *5 (N.D. Cal. Nov. 6, 2017) (excluding an expert opinion when the evidence the expert relies upon speaks for itself).
[43] R. Doc. 329 (Order on Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial).
[44] Fed. R. Evid. 702; *see also Theodile v. Delmar Systems, Inc.*, No. 03-1844, 2006 WL 1751226 (W.D. La. June 21, 2006) (excluding an expert whose opinions were unhelpful to the trier of fact).
[45] R. Doc. 134-2 at 8.
[46] Fed. R. Evid. 702.
[47] R. Doc. 134-2 at 8.
[48] *Id.*

did not overturn GIS's factual basis, particularly given that GIS pleaded guilty to a violation of the Clean Water Act, not the Outer Continental Shelf Lands Act.[49] Likewise, the Court does not require the testimony of a drilling expert to understand GIS's factual basis and the circumstances surrounding GIS's criminal prosecution. Accordingly, these opinions are also excluded.

Because the Court finds that the entirety of the report Hughett produced in this litigation should be excluded under Federal Rule of Evidence 702 and *Daubert*, BEEOO's request for a *Daubert* hearing at trial to determine Hughett's qualification is rendered moot.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion *In Limine* is **GRANTED**.

New Orleans, Louisiana, February 12, 2021.

                                                        */s/ Wendy B. Vitter*
                                                  **WENDY B. VITTER**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[49] *See* Criminal Docket No. 15-197-4, R. Docs. 460, 468.