UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE**<br>**OPERATIONS, LLC** | **SECTION D (5)** |

## ORDER

Before the Court is Black Elk Energy Offshore Operations, LLC's Motion *in Limine* to Exclude References to Alleged Prior Improper Conduct By Black Elk Unrelated to West Delta 32 and BSEE's INCs.[1] The Motion is fully briefed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court grants the Motion in part.

### I.  BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on

---

[1] R. Doc. 192.
[2] R. Doc. 202 (Response in Opposition); R. Doc. 216 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42.  For ease of reference and consistency, the Court refers to this party as BEEOO.

various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

GIS seeks to introduce evidence that before the November 16, 2012 explosion, BEEOO had been issued Incidents of Noncompliance ("INCs") by the relevant safety regulatory agency, the Bureau of Safety and Environmental Enforcement ("BSEE"). These INCs did not involve the West Delta 32 platform. Following the November 16, 2012 explosion, BSEE conducted an investigation and issued additional INCs. The parties' proposed Pretrial Order makes clear that GIS plans to introduce evidence of BEEOO's INCs, issued both before and after the November 16, 2012 explosion, at trial.[12]

---

[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*
[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] *See, e.g.,* R. Doc. 171 at 28 ¶¶ 35-36, 32 ¶ 91, 40 ¶ 240.

BEEOO now moves to exclude (1) the INCs issued to BEEOO regarding other platforms prior to November 16, 2012; (2) the INCs issued to BEEOO related to the November 16, 2012 explosion; and (3) inflammatory references to BEEOO by GIS.[13] BEEOO argues that the INCs issued prior to the November 16, 2012 explosion are irrelevant to the issues in this case and are inadmissible as prior act evidence under Federal Rule of Evidence 404. BEEOO further argues that the INCs issued following BSEE's investigation of the November 16, 2012 explosion are irrelevant because they could have been issued for safety violations of a contractor, not for a violation by BEEOO. BEEOO also contends that the fact that an INC was issued only demonstrates the violation of a regulation and does not demonstrate that BEEOO is guilty of any wrongdoing relevant to this breach of contract claim. Finally, BEEOO points out that this issue has already been hotly contested and decided by the court in *Tajonera* in which the court ordered the redaction/exclusion of legal conclusions from the BSEE report of the November 16, 2012 explosion.

In its Opposition,[14] GIS argues that the INCs issued before November 16, 2012 are relevant because they demonstrate that BEEOO did not have a "clean slate" with BSEE, which resulted in a more expensive investigation for which BEEOO seeks damages. GIS further argues that it seeks to admit evidence of the pre-November 16, 2012 INCs as "habit" or "routine practice" evidence under Federal Rule of Evidence 406. GIS also avers that the Court's prior rulings in *Tajonera* are not determinative in this case because there was no breach of contract claim in *Tajonera*. GIS argues

---

[13] R. Doc. 192.
[14] R. Doc. 202.

that BEEOO's violation of regulations in relation to the November 16, 2012 explosion are relevant because they demonstrate the breach of a standard of care, and therefore may reduce BEEOO's damages under Louisiana Civil Code article 2003.

In its Reply,[15] BEEOO argues that Louisiana Civil Code article 2003 is irrelevant to the introduction of the INCs because, in order for article 2003 to be applicable, GIS must identify an antecedent breach of contract by BEEOO, which GIS has not done. BEEOO also argues that the issuance or violation of a given regulation does not demonstrate that BEEOO breached a relevant standard of care. Finally, BEEOO further argues that the pre-November 16, 2012 INCs cannot be admitted as habit evidence because none of the past INCs were issued concerning West Delta 32, and BEEOO did not violate regulations as part of any routine practice.

## II.   ANALYSIS

### A.   Pre-November 16, 2012 INCs

The Court first considers whether to admit evidence of the INCs issued to BEEOO from incidents prior to November 16, 2012. BEEOO argues that GIS seeks to introduce the pre-November 16, 2012 INCs to prove that BEEOO likely also failed to comply with safety regulations related to the explosion in question, and this evidence is therefore barred under Federal Rule of Evidence 404(b). That Rule provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[16] However, that Rule also provides that "[t]his

---

[15] R. Doc. 216.
[16] Fed. R. Evid. 404(b)(1).

evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[17]

To determine whether the evidence is admissible under Federal Rule of Evidence 404(b), the Court considers the two-step test laid out in *United States v. Beechum*.[18] In order to be admissible under Federal Rule of Evidence 404(b), "[f]irst, it must be determined that the extrinsic offense evidence is relevant to an issue other than a defendant's character."[19] Once this is determined, the Court considers whether "the evidence [possesses] probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403."[20] Because the concerns of undue prejudice implicated by Federal Rule of Evidence 403 are not implicated in a bench trial, the *Beechum* test collapses into only the first prong in the instant case.[21]

Admission of the pre-November 16, 2012 INCs therefore turns largely on whether GIS can show that the evidence is "relevant to an issue other than [BEEOO's] character."[22] Here, GIS argues that BEEOO's history of INCs are relevant to the foreseeability of its damages. Specifically, GIS argues that because BEEOO had a significant number of INCs before November 16, 2012, BSEE

---

[17] Fed. R. Evid. 404(b)(2).
[18] 582 F.2d 898 (5th Cir. 1978).
[19] *Id.* at 911.
[20] *Id.*
[21] *See, e.g., Cowen v. Allstate Ins. Co.*, No. 11-118, 2012 WL 10519, at *3 (E.D. La. Jan. 3, 2012) (finding the second prong of the *Beechum* test not relevant in a bench trial). BEEOO does not argue that the evidence runs afoul of any other requirement of Federal Rule of Evidence 403 beyond undue prejudice. In any event, the Court find that the requirements of Rule 403 satisfied here.
[22] *Beechum*, 582 F.2d 911.

undertook a more extensive and expensive investigation into the explosion. BEEOO claims damages associated with this investigation, and GIS contends these damages would be less had BEEOO had a "clean state" with BSEE. GIS argues that, because the foreseeability of damages is relevant to a breach of contract action,[23] the prior INCs are relevant to an issue "other than BEEOO's character," *i.e.*, they are not being used to prove that BEEOO similarly violated regulations in relation to the November 16, 2012 explosion.

BEEOO resists this conclusion by arguing that the expert that GIS relies on to make this argument, Chuck Schoennagel, should be excluded. The Court has separately rejected BEEOO's Motion *in Limine* to exclude the relevant portion of Schoennagel's report.[24] BEEOO also argues that Schoennagel's report does not discuss costs due to BEEOO's INC history. But the Court has also rejected this argument in ruling on BEEOO's Motion *in limine* because Schoennagel discusses BEEOO's Performance Improvement Plan, which GIS represents is related to BEEOO's investigation costs.[25] Moreover, it is unclear at this stage that expert testimony is required to make this point. The pre-November 16, 2012 INCs therefore pass the *Beechum* test and are admissible under Federal Rule of Evidence 404(b) for the narrow purpose of a determination of whether BEEOO's claimed damages include excessive or unforeseeable amounts based on the prior INCs that were not

---

[23] *See* Louisiana Civil Code art. 1996 ("An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made.").
[24] *See* R. Doc. 331 (Order on Motion *in Limine* to Exclude GIS's Expert, Chuck Schoennagel).
[25] R. Doc. 137-2 at 9; *see also* R. Doc. 331 at 6-8.

foreseeable.[26] Evidence of the prior INCs will not be allowed as character evidence and counsel are cautioned accordingly.[27]

Because the pre-November 16, 2012 INCs are relevant evidence that are not barred by Federal Rule of Evidence 404(b), they are admissible in this action. The Court notes, however, that GIS has not separately demonstrated that they are admissible as "habit" or "routine practice" evidence. Federal Rule of Evidence 406 allows for the admission of such evidence, providing: "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."[28] GIS contends that BEEOO had a "habit" or "routine practice" of violating BSEE regulations and therefore receiving INCs. To demonstrate a "routine practice" GIS must show "regularity over substantially all occasions or with substantially all other parties with whom the defendant has had similar business transactions."[29] Here, GIS argues that BEEOO had a "routine practice" of failing to comply with BSEE regulations, but the form that noncompliance may have taken could vary widely across multiple sites and take various different forms. GIS has not pointed to

---

[26] The Court notes that a separate section of this Court excluded evidence of the prior INCs in a related matter, *Tajonera v. Black Elk Energy Offshore Operations, L.L.C. See* Docket No. 13-366, R. Doc. 1021. But that case dealt with a tort cause of action, whereas this case deals with a breach of contract claim, where foreseeability may be at issue. Moreover, that case was a jury trial, where the second prong of the *Beechum* test was at play. Accordingly, the court's decision to exclude pre-November 16, 2012 INCs in the *Tajonera* matter is distinguishable.
[27] The Court notes that there is a pending Motion in which GIS argues that BEEOO may not seek litigation and investigation fees as a matter of law. *See* R. Doc. 247. The Court's ruling on that Motion may alter this analysis, as if BEEOO may not seek such fees, BEEOO's prior INCs may lack relevance.
[28] Fed. R. Evid. 406.
[29] *Mobil Exploration and Producing U.S., Inc. v. Cajun Const. Services, Inc.,* 45 F.3d 96, 100 (5th Cir. 1995).

evidence that BEEOO's history of violating regulations involved "regularity over substantially all occasions" sufficient to allow in such evidence under Federal Rule of Evidence 406.[30] The Court again advises that any introduction of the INCs issued prior to November 16, 2012, are limited to evidence regarding amount or foreseeability of damages.

### B. INCs Related to the November 16, 2012 Explosion

With respect to the INC's related to the November 16, 2012 explosion, the Court must again determine whether this evidence is relevant.[31] GIS contends that the evidence is relevant because it demonstrates that BEEOO breached a standard of care and is therefore evidence that should reduce BEEOO's recoverable damages under Louisiana Civil Code article 2003. This Court has separately determined that GIS cannot invoke article 2003 to reduce BEEOO's damages without demonstrating an antecedent breach of contract.[32] As the Court discussed in its separate order, GIS has not put forth evidence of an antecedent breach of contract. Therefore, because article 2003 does not aid GIS here, and because article 2003 is the only basis GIS has put forth for the relevance of these INCs, the Court grants BEEOO's Motion and excludes from evidence the INCs related to the November 16, 2012 explosion.[33]

---

[30] *Id.* at 100.
[31] *See* Fed. R. Evid. 401, 402.
[32] R. Doc. 329 (Order on Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial).
[33] Importantly, BEEOO did not seek to exclude the factual findings by BSEE related to the November 16, 2012 explosion, but only the legal conclusions. *See* R. Doc. 192-1. The entirety of the BSEE report, including the factual findings, are the subject of a separate motion filed by GIS. *See* R. Doc. 179. The Court further notes that evidence of the INCs related to the November 16, 2012 explosion were similarly excluded in the *Tajonera* litigation. *See* Docket No. 13-366, R. Doc. 1148.

### 3. Inflammatory References

Finally, the Court addresses BEEOO's Motion insomuch as it moves to exclude "inflammatory references" to BEEOO's INC history and safety culture. Although BEEOO does not make the basis for this portion of the Motion clear, it is presumably made under Federal Rule of Evidence 403, as unduly prejudicial.[34] Insomuch as it bars evidence based on undue prejudice, Federal Rule of Evidence 403 is not applicable in a bench trial.[35] The Court is capable of determining when GIS's descriptions of BEEOO's INC history is hyperbolic or unwarranted. Accordingly, this portion of BEEOO's Motion is denied.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion *In Limine* is **GRANTED IN PART**.

New Orleans, Louisiana, February 12, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[34] Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

[35] *See, e.g., Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (holding that concerns over undue prejudice under Federal Rule of Evidence 403 have "no logical application to bench trials."); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, No. MDL 2179, 2012 WL 295048, at *4 n.7 (E.D. La. Feb. 7, 2012) (same).