UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GRAND ISLE SHIPYARDS, INC.**  CIVIL ACTION

**VERSUS**  NO. 15-129
C/W 15-154; 15-153;
15-905; 19-11825;
19-11826; 19-11827

**BLACK ELK ENERGY OFFSHORE**  SECTION D (5)
**OPERATIONS, LLC**

## ORDER

Before the Court is Grand Isle Shipyards, Inc.'s Motion *in Limine* to Exclude BSEE Report and Keith King Testimony.[1] The Motion is fully briefed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I. BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that

---

[1] R. Doc. 179.
[2] R. Doc. 206 (Response in Opposition); R. Doc. 222 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.
[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*

GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

Following the 2012 explosion, the Bureau of Safety and Environmental Enforcement ("BSEE") conducted an investigation and issued a report (the "BSEE Report") in which it made various factual findings and legal conclusions regarding violations of regulations promulgated under the Outer Continental Shelf Lands Act ("OCSLA").[12] The investigation was led by Keith King, and was directed under the BSEE's contemporary understanding of those regulations, including the meaning of the word "you" in 30 C.F.R. § 250.105.[13] At the time of the investigation, BSEE understood "you" to include a contractor, as well as lessees or operators of oil wells.

---

[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] *See* R. Doc. 206-1.
[13] *See* R. Doc. 179-2 at 2 (deposition testimony of Keith King).

The Fifth Circuit later overruled BSEE's understanding of "you," holding in *United States v. Moss* that the regulation does not apply to contractors, such as GIS.[14]

In the *Tajonera* litigation, BEEOO moved to exclude the BSEE Report and Legal Conclusions of Keith King, and the plaintiffs separately moved to admit the Report.[15] The *Tajonera* court granted each motion in part, and allowed the BSEE Report into evidence with the exception of the legal conclusions contained therein.[16] The parties disputed what constituted a "legal conclusion" and eventually the *Tajonera* court issued a ruling regarding what redactions should be made to ensure that the report excluded legal conclusions.[17] It is this redacted Report that BEEOO now seeks to admit in this litigation.[18]

GIS now moves to exclude the BSEE Report in its entirety as well as Keith King's testimony thereto.[19] GIS argues that because the Report was based on a flawed understanding of an underlying regulation, the Report is inherently untrustworthy and therefore irrelevant. GIS further argues that the Report is inadmissible hearsay because it is untrustworthy and comparable to an interim agency report. Finally, GIS contends that the BSEE investigation was superseded by the Department of Justice prosecutions, and that the Report is needlessly cumulative with the factual bases that resulted from those prosecutions.

---

[14] 872 F.3d 304, 310 (5th Cir. 2017).
[15] Civil Docket No. 13-366, R. Doc. 829; R. Doc. 879.
[16] Civil Docket No. 13-366, R. Doc. 1128.
[17] Civil Docket No. 13-366, R. Doc. 1156.
[18] *See* R. Doc. 206-1.
[19] R. Doc. 179.

BEEOO opposes GIS's Motion.[20] BEEOO contends that while the legal conclusions of the Report should not be admitted, the Fifth Circuit's ruling in *United States v. Moss*[21] regarding BSEE's interpretation of the OCSLA regulation did not impact BSEE's factual findings, which remain admissible. BEEOO further argues that the BSEE Report is not hearsay because it passes muster under the Supreme Court's *Beech Aircraft* test, which is designed to assess the trustworthiness of accident reports. Finally, BEEOO argues that the disputed evidence is not cumulative with the factual bases of the criminal prosecutions related to this accident, as the BSEE Report and the factual bases contradict each other in important ways. In its Reply,[22] GIS largely reiterates the arguments made in its opening Motion and argues that the *Tajonera* court's rulings on the BSEE Report are irrelevant due to the Fifth Circuit's holding in *United States v. Moss*.[23]

## II. ANALYSIS

The Court must first ascertain whether the factual findings[24] in the BSEE Report and Keith King's testimony remain relevant following the Fifth Circuit's ruling in *United States v. Moss*, and whether that evidence passes muster under

---

[20] R. Doc. 206.
[21] 872 F.3d 304 (5th Cir. 2017).
[22] R. Doc. 222.
[23] 872 F.3d 304.
[24] An important point in this analysis is that BEEOO does not seek to introduce the legal conclusions of the BSEE Report, but rather only the factual findings. In the *Tajonera* litigation, the parties and the court went through an exhaustive amount of briefing to ensure that the final version of the BSEE report that would be introduced into evidence contained only factual findings and *not* legal conclusions. *See Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, Docket No. 13-366, R. Docs. 1142, 1143, 1145, 1156. The redacted report that the *Tajonera* court eventually found appropriate is the same report that BEEOO now seeks to introduce. This Court has engaged in a separate review of the redacted Report and agrees that it contains factual findings rather than legal conclusions.

Federal Rule of Evidence 403.  All admitted evidence must be relevant,[25] and Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if the probative value is substantially outweighed by the danger of . . . confusing the issues."[26]

GIS's primary argument is that because the Report was drafted with an understanding of the meaning of "you" to include subcontractors—an understanding the Fifth Circuit has since held faulty—the entire Report is tainted and no longer trustworthy or relevant.  This argument fails to address that BEEOO seeks only to introduce the *factual* findings of the BSEE Report, not the legal conclusions.  The Fifth Circuit's holding in *United States v. Moss* was that the regulatory definition of "you" does not include contractors, so that a contractor could not be held criminally liable for a violation of the regulation.  The ruling in *United States v. Moss* addresses a *legal* conclusion about which parties could be held liable and does not undermine the *factual* findings in the BSEE report.  Moreover, the Court does not find there is a concern of "confusing the issues" in a bench trial, and therefore that portion of Federal Rule of Evidence 403 is inapplicable here.[27]

Perhaps even more importantly, the Court notes that the Fifth Circuit's holding in *United States v. Moss* did not disturb the criminal charges against BEEOO, who was the lessee of West Delta 32.  The Fifth Circuit emphasized in *Moss* that when the regulation at issue was first proposed, the agency stated that operators would be

---

[25] Fed. R. Evid. 401, 402.
[26] Fed. R. Evid. 403.
[27] *See Cowen v. Allstate Insurance Co.*, No. 11-118, 2012 WL 10591, at *3 (E.D. La. Jan. 3, 2012).

held responsible for a contractor's actions.[28] In acknowledging that he believed the regulations applied to contractors, Keith King also stated that the regulations applied to BEEOO.[29] In other words, the BSEE investigation likely would proceeded in the same manner even under the proper understanding of "you" because BEEOO, as operator of West Delta 32, could have been liable for the actions of its contractors under the regulation. This recognition removes any concern that the entire investigation is any way so "tainted" as to require exclusion of the BSEE Report or Keith King's testimony.

GIS also argues that the BSEE Report and related testimony are untrustworthy hearsay that do not fall within a hearsay exception. Generally, hearsay is not admissible unless it falls with an applicable exception to that rule.[30] Federal Rule of Evidence 803(8) creates an exception to the general rule against hearsay for "[a] record or statement of a public office" if it sets out "factual findings from a legally authorized investigation."[31] However, the evidence is admissible only if the "opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."[32] GIS argues that the BSEE Report and related testimony are necessarily untrustworthy because they were based on a misunderstanding of the term "you" in the applicable regulation.

---

[28] *Moss*, 872 F.3d at 311 ("The operator is responsible for the performance of its contractors. [BSEE] will hold the operator accountable for the contractors' performance." (citing 63 Fed. Reg. 7335 (Feb. 13, 1998) (emphasis removed))).
[29] R. Doc. 179-2 at 2.
[30] *See* Fed. R. Evid. 802.
[31] Fed. R. Evid. 803(8)(A)(iii).
[32] *Id.* 803(8)(B).

The Supreme Court analyzed this hearsay exception in *Beech Aircraft Corp. v. Rainey*.[33] That case recognized that the Advisory Committee listed four factors to be considered under this exception: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) any possible bias when reports are prepared with a view to possible litigation."[34] A separate section of this court reviewed this exact evidence under the factors laid out in *Beech Aircraft*, and found the factual conclusions of the Report admissible.[35] Specifically, the court found that the Report was timely, that the Panel has sufficient skill or experience, that the lack of a hearing was not dispositive to the BSEE Report's trustworthiness, and that there was no evidence of actual basis by BSEE.[36] Here, the Court agrees with the *Tajonera* court's analysis of the *Beech Aircraft* factors as they relate to the BSEE Report.[37] None of the *Beech Aircraft* factors were altered by the Fifth Circuit's holding in *United States v. Moss*. For the same reasons discussed above in relation to the relevance of the factual findings of the BSEE Report, the Court does not find the factual findings of the report untrustworthy so as to require exclusion under Federal Rule of Evidence 803(8)(B).

The case GIS cites to, *Smith v. Isuzu Motors*,[38] is not to the contrary. In that case, a district court refused to introduce memoranda prepared by staff members of

---

[33] 488 U.S. 153 (1988).
[34] *Id.* at 167 n.11.
[35] *See Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, Docket No. 13-366, R. Doc. 1128.
[36] *See id.* at 28-29.
[37] The Court notes that the ruling by a separate section of this court in a separate case is not binding here. It is, however, persuasive authority.
[38] 137 F.3d 859 (5th Cir. 1998). The Court notes that the Fifth Circuit's reference to 803(8)(C) now refers to language embodied in 803(8)(A)(iii).

the National Highway Traffic Safety Administration that were related to a petition filed by a Congressman. The NHSTA eventually rejected the petition. The Fifth Circuit affirmed the district court, and held that "interim agency reports or preliminary memoranda do not satisfy Rule 803(8)(C)'s requirements."[39] GIS's contention seems to be that the Fifth Circuit's holding in *Moss* essentially renders the BSEE Report similar to an interim agency report. The BSEE Report is different in kind from the interim memoranda that were ultimately rejected by the agency that were at issue in *Smith*. First, the BSEE Report was not "interim," but was rather the final conclusion of the agency itself. Unlike the memoranda at issue in *Smith*, the findings of the BSEE were not eventually rejected by the agency before a final report was issued. Moreover, as the Court has already noted, the Fifth Circuit's holding in *Moss* did not undo the factual findings of the Report and rather only dealt with legal conclusions. Accordingly, *Smith* is distinguishable here.

Finally, GIS argues the BSEE Report is cumulative with the parties' stipulations and the factual bases from the criminal prosecutions of Chris Srubar and Don Moss. GIS also argues that the BSEE investigation was "superseded" by the Department of Justice prosecution of the parties, Srubar, and Moss. The Court notes that BEEOO points to at least two examples where the BSEE Report contradicts positions that GIS takes now.[40] Although there may be some overlap between the BSEE Report and the parties' stipulations or the factual bases, the Court does not

---

[39] *Id.* at 862.
[40] *See* R. Doc. 206 at 11-12. For example, GIS now takes the position it was issued a hot work permit on November 16, 2012. *See* R. Doc. 111 at 8 ¶ 20. The BSEE Report suggests otherwise. *See* R. Doc. 206-1 at 8.

find it unnecessarily cumulative and worthy of exclusion under Federal Rule of Evidence 403. Nor does the Court find that the Report was "superseded" by a prosecution by a separate governmental entity that produced factual bases significantly less detailed that the BSEE report. Accordingly, the Court does not find that these arguments merit exclusion of the BSEE report or Keith King's testimony.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that GIS's Motion *In Limine* is **DENIED**.

New Orleans, Louisiana, February 12, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**