UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

## ORDER

Before the Court is Grand Isle Shipyards, Inc.'s Motion *in Limine* to Exclude Evidence of Negligence of Grand Isle Shipyards, Inc., for November 16, 2012 Incident.[1] The Motion is opposed,[2] and Grand Isle Shipyards, Inc. has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is denied.

### I.    BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[4] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on

---

[1] R. Doc. 181.
[2] R. Doc. 208.
[3] R. Doc. 220.
[4] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42.  For ease of reference and consistency, the Court refers to this party as BEEOO.

various oil and gas wells.[5]  BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars damages to BEEOO.[6]  Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[7]  That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Black Elk Energy Offshore Operations, LLC*,[9] *United States v. Don Moss*,[10] and *United States v. Chris Srubar*.[11]  BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[12]

BEEOO's initial counterclaim included fraud and negligence claims against GIS.[13]  GIS moved to dismiss these claims,[14] and BEEOO admitted that these tort claims were prescribed under Louisiana law.  Chief Judge Brown therefore dismissed these claims but declined to dismiss BEEOO's breach of contract claims.[15]  Notwithstanding this dismissal, in the parties' Proposed Pretrial Order, GIS stipulated that "GIS admits that GIS, acting by and through its employees and agents, was negligent in the manner in which it carried out the hot work on the West

---

[5] *See generally* R. Doc. 20 (Second Amended Complaint).  GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act.  *See id.*
[6] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[7] *See id.* at 10 ¶ 16.
[8] Civil Docket No. 13-366.
[9] Criminal Docket No. 15-197-1.
[10] Criminal Docket No. 15-197-2.
[11] Criminal Docket No. 15-197-6.
[12] R. Doc. 70; R. Doc. 76.
[13] *See* R. Doc. 4.
[14] R. Doc. 56.
[15] R. Doc. 70.

Delta 32 platform.  As result [sic] of the negligence of GIS and others on November 16, 2012, oil entered the Gulf of Mexico in a quantity sufficient to cause a sheen."[16]

GIS now moves to exclude evidence of, or references to, GIS's negligence.[17] GIS argues that any such evidence is irrelevant because the Court has already dismissed BEEOO's negligence claims, and evidence of negligence is not relevant to whether GIS breached a contractual provision.  In its Opposition,[18] BEEOO argues that GIS's Motion is really a substantive motion in disguise, and an attempt to argue that BEEOO has no real breach of contract claim against GIS.  BEEOO further argues that GIS fails to list specific evidence it seeks to exclude, rather only generally seeking to exclude evidence of "negligence."  Additionally, BEEOO advises that it has no intention of arguing that because GIS admitted that it was negligent in its work that *ipso facto* proves breach of contract.  GIS has filed a Reply,[19] in which it reiterates the arguments made in its opening Motion.

## II.  ANALYSIS

Despite expressly stipulating to its negligence in the Proposed Pretrial Order, GIS now moves to exclude any evidence of its negligence at trial.  To the extent that GIS's Motion seeks to put before the Court whether BEEOO's breach of contract claims are *ex delicto* or *ex contractu*, an evidentiary motion is the improper vehicle for such a merits analysis.[20]

---

[16] R. Doc. 171 at 11 ¶ 33.
[17] R. Doc. 181.
[18] R. Doc. 208.
[19] R. Doc. 220.
[20] *See, e.g.*, *Reuther v. Realtors*, No. 15-2850, 2016 WL 4592193, at *3 (E.D. La. Sept. 2, 2016); *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182, 2009 WL 982104, at *2 (E.D. La. Apr. 13, 2009).  The Court further notes that this issue is litigated in a later-filed Motion for Partial Summary

To the extent GIS's Motion is premised as stated on Federal Rule of Evidence 401 and relevance, GIS seeks too much. It is true that evidence of GIS's negligence that would support only a tort claim now lacks relevance, as that claim has been dismissed. It is also true that there could be some evidence that would support a negligent tort claim which could also support a breach of contract claim.[21] Particularly because GIS does not pinpoint what exact pieces of evidence it seeks to exclude, an order broadly excluding evidence of GIS's negligence is inappropriate.

The cases cited by GIS are not to the contrary. *Martin v. Browning*[22] dealt only with an *Erie* question, where the district court considered whether it was required to admit evidence of a party's negligence under Kentucky law when the only remaining issue was damages. That court's analysis is inapposite here, where the question is whether evidence of GIS's negligence may have relevance to BEEOO's breach of contract claim. Nor is *Radelin v. Holiday Inns*[23] on point. That case dealt with whether to allow into evidence a note that established a contract when the plaintiff's only claim was one sounding in tort. That case does not stand for the proposition that all evidence that would support a dismissed tort claim is necessarily irrelevant to a breach of contract claim. Further, unlike this litigation, both of those cases involved

---

Judgment. *See* R. Doc. 256 (BEEOO's Motion for Partial Summary Judgment Regarding Contractual Provisions Breached by GIS), R. Doc. 274 (GIS's Opposition); R. Doc. 315 (BEEOO's Reply). The Court stresses that it passes no judgment on that Motion in this Order, but rather addresses only the evidentiary question raised in GIS's instant Motion.

[21] *See, e.g.*, *Lahare v. Valentine Mechanical Servs., LLC*, 223 So. 3d 773, 776-77 (La. App. 5 Cir. 2017) ("Generally, where a person neglects to do what he is obligated to do under a contract, he has committed a passive breach of contract. If he negligently performs a contractual obligation, he has committed active negligence, and thus an active breach of contract." (citations omitted)).

[22] 198 F. Supp. 3d 783 (E.D. Ky. 2016).

[23] 971 So. 2d 1200 (La. App. 4 Cir. 2007).

juries and both courts expressed concerns about undue prejudice arising from the excluded evidence.[24] That is not the case in this matter.

Finally, to the extent GIS's Motion is premised on Federal Rule of Evidence 403,[25] it also fails. Concerns of undue prejudice from evidence that may exist in a jury trial do not present the same issue in a bench trial.[26] And to the extent GIS is concerned of undue delay from evidence of its negligence being presented, its stipulation to its negligence in the parties' Proposed Pretrial Order likely serves to significantly mitigate such concerns. Exclusion under Federal Rule of Evidence 403 is therefore improper.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that GIS's Motion is **DENIED**.

New Orleans, Louisiana, February 12, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[24] *Martin*, 198 F. Supp. 3d at 786; *Radelin*, 971 So. 2d at 1204-05.
[25] Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
[26] *See, e.g.*, *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (holding that concerns over undue prejudice under Federal Rule of Evidence 403 have "no logical application to bench trials."); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, No. MDL 2179, 2012 WL 295048, at *4 n.7 (E.D. La. Feb. 7, 2012) (same).