UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129** <br> **C/W 15-154; 15-153;** <br> **15-905; 19-11825;** <br> **19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

# ORDER

Before the Court is Grand Isle Shipyards, Inc.'s Motion *in Limine* to Preclude BEEOO from Introducing Evidence, Testimony, and Argument Contesting BEEOO's Liability on the Undisputed Amount of GIS's Unpaid Invoices.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is denied.

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that

---

[1] R. Doc. 183.
[2] R. Doc. 205.
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.
[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*

GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC,*[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

GIS previously moved for Partial Summary Judgment,[12] arguing that as a matter of law BEEOO breached its contracts with GIS. The Motion was denied.[13] BEEOO then reurged its Motion for Partial Summary Judgment,[14] which motion was similarly denied.[15]

GIS now moves to exclude BEEOO from presenting any argument, testimony, or evidence that BEEOO contests its liability on the "undisputed" amount of GIS's unpaid invoices, which GIS represents is essentially its entire claim.[16] GIS argues that BEEOO only resists payment for the GIS invoices that charged for D&R Labor

---

[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 125.
[13] R. Doc. 194.
[14] R. Doc. 249.
[15] R. Doc. 318.
[16] R. Doc. 183.

Resources—which are only 10 of the 1,434 invoices at issue—and that BEEOO should therefore be barred from contesting the remaining 1,424 invoices. In support of its argument, GIS points to evidence that BEEOO does not take issue with most of the invoices, including testimony from BEEOO's corporate representative and testimony from John Hoffman, BEEOO's former CEO. In light of that evidence, GIS asserts that it would cause undue delay and be a waste of time under Federal Rule of Evidence 403 to allow evidence, testimony and argument related to the "undisputed" invoices.

In its Opposition,[17] BEEOO argues that GIS's Motion is not a motion *in limine*, but rather an improper motion for summary judgment in disguise. It further argues that the Court has already denied a motion for summary judgment premised on the same arguments. Finally, BEEOO argues that deposition testimony GIS relies upon in support of its Motion was in response to broad brush questions and does not waive valid legal defenses made by BEEOO. BEEOO asserts that it objects to paying each invoice and has defenses that apply to and address all invoices, not just the ones associated with D&R Labor Resources.

Although stylized as an evidentiary motion *in limine* under Federal Rule of Evidence 403, GIS's Motion is better viewed as one for summary judgment, as it essentially asks the Court to prevent BEEOO from raising defenses to GIS's breach of contract claim. A motion which seeks to reframe issues on the merits as

---

[17] R. Doc. 205.

evidentiary issues is improper.[18] Such a motion is particularly improper here, where Chief Judge Brown had already denied GIS's Motion for Partial Summary Judgment premised on the same argument.[19] Indeed, the Court has since denied GIS's reurged Motion for Partial Summary Judgment which was premised on the same legal theory.[20] Having denied GIS's properly stylized Motions for Partial Summary Judgment, the Court will not now grant GIS relief under a dubious evidentiary theory.

Turning to the merits of GIS's Motion, the Court does not find that Federal Rule of Evidence 403 bars BEEOO from presenting evidence contesting GIS's invoices. The Court has previously found that issues of material fact exist as to whether GIS is owed money under the invoices,[21] and BEEOO should therefore be given an opportunity to present evidence relevant to those facts. GIS's Motion is premised on disputed testimony, and the Court does not find that it would be unfairly prejudicial or a waste of time to allow BEEOO to present evidence disputing GIS's invoices.[22]

---

[18] *See, e.g.*, *Reuther v. Realtors*, No. 15-2850, 2016 WL 4592193, at *3 (E.D. La. Sept. 2, 2016); *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182, 2009 WL 982104, at *2 (E.D. La. Apr. 13, 2009).
[19] R. Doc. 194.
[20] R. Doc. 318.
[21] R. Doc. 318 at 7-9.
[22] The Court notes that BEEOO has filed a Motion regarding whether GIS has sufficient evidence to carry its burden at trial with respect to its breach of contract claim. *See* R. Doc. 253. The Court stresses that it passes no judgment on that Motion in this Order, but rather addresses only the evidentiary question raised in GIS's instant Motion.

**IT IS HEREBY ORDERED** that GIS's Motion is **DENIED**.

New Orleans, Louisiana, February 12, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**