UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

## ORDER

Before the Court is Black Elk Energy Offshore Operations, LLC's Motion *in Limine* to Exclude References that Don Moss and Chris Srubar Are Borrowed Servants or Agents of Black Elk Energy Offshore Operations, LLC.[1] The Motion is fully briefed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I.   BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on

---

[1] R. Doc. 193.
[2] R. Doc. 203 (Response in Opposition); R. Doc. 218 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42.  For ease of reference and consistency, the Court refers to this party as BEEOO.

various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

Two individuals deeply involved in this litigation are Don Moss and Chris Srubar. Moss was a construction supervisor at the West Delta site.[12] Srubar was a person-in-charge at the West Delta 32 platform.[13] The parties' proposed Pretrial Order, as well as GIS's Amended Answer (which was filed one day after the proposed Pretrial Order was filed), make clear that GIS will seek to impute the actions of Moss and Srubar to BEEOO.[14]

---

[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*
[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 171 at 5 ¶ 9 (Uncontested Fact No. 9).
[13] R. Doc. 171 at 6 ¶ 15 (Uncontested Fact No. 15).
[14] *See* R. Doc. 171 at 15-18 ¶ 55 (Proposed Pretrial Order); R. Doc. 173 at 2 (Amended Answer containing Seventh Affirmative Defense: "Defendant's alleged damages (which are expressly denied) were caused or contributed to in whole or in part, by Defendant's (*or other third parties' conduct whose conduct is attributable to Defendant*) own conduct, misconduct, negligence, omissions, and/or reckless disregard of applicable polices, regulations and procedures." (emphasis added)).

BEEOO moves to exclude references that Don Moss or Chris Srubar are borrowed servants of BEEOO.[15] In support of its Motion, BEEOO argues that GIS raised the issue of Moss's and Srubar's agency as an affirmative defense far too late in the litigation, and has therefore waived it. BEEOO asserts that, until it received GIS's pretrial inserts on July 1, 2019, BEEOO had no notice that GIS intended to assert these affirmative defenses.[16] In its Opposition,[17] GIS argues that its position as to Moss and Srubar has always been clear in this litigation, namely, that fault rests with BEEOO, including any third parties associated with BEEOO. It further argues on the merits that Moss and Srubar were "indirect employees" of BEEOO. In its Reply,[18] BEEOO argues that GIS misses the mark and fails to make arguments regarding the timeliness of asserting a borrowed servant affirmative defense. BEEOO also counters GIS's argument that Moss and Srubar were indirect employees, arguing that any such argument, whether regarding borrowed servants or indirect employees, is also barred as it was not timely raised.

## II.   ANALYSIS

Although the parties seem to dispute the merits of whether Moss and Srubar were agents of BEEOO in their briefing (as either "borrowed servants" or "indirect employees"), the only issue germane to BEEOO's Motion is whether GIS raised this affirmative defense in a timely manner. BEEOO contends that such a defense is necessarily waived because it was first raised in either the Proposed Pretrial Order

---

[15] R. Doc. 193.
[16] *Id*.
[17] R. Doc. 203.
[18] R. Doc. 218.

or as an affirmative defense in the Amended Answer which was filed the day after the Proposed Pretrial Order.

The Federal Rules of Civil Procedure require a defendant to "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense."[19] Affirmative defenses are subject to a "fair notice" pleading standard, in which a defendant must plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of what is being advanced."[20] Failure to adequately plead an affirmative defense can result in waiver.[21]

Failure to strictly comply with Rule 8's pleading requirement does not necessarily result in waiver. Rather, the Rule is designed "to give the opposing party notice of the affirmative defense and a chance to argue why it should not apply."[22] Accordingly, "an affirmative defense is not waived if the defendant 'raised the issue at a pragmatically sufficient time and [the opposing party] was not prejudiced in its ability to respond.'"[23] A Court must consider whether "evidence of prejudice exists and sufficient time to respond to the defense remains before trial."[24] Notably, the Fifth Circuit has "repeatedly rejected waiver arguments when a defendant raised an affirmative defense for the first time at summary judgment—or even later."[25]

---

[19] Fed. R. Civ. P. 8(b)(1)(A), (c)(1).
[20] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).
[21] *Rogers v. McDorman*, 521 F.3d 381 (5th Cir. 2008).
[22] *Pasco v. Knoblauch*, 566 F.3d 572, 578 (5th Cir. 2009).
[23] *Id.* at 577 (quoting *Allied Chem Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)).
[24] *Id.*
[25] *Motion Med. Tech., LLC v. Thermotek, Inc.*, 875 F.3d 765, 772 (5th Cir. 2017).

Here, BEEOO cannot realistically claim surprise at GIS's argument that BEEOO is responsible for the actions of Moss and Srubar. Similar issues were raised in the *Tajonera* litigation, to which BEEOO was a party and where it was represented by the same counsel as this litigation.[26] The parties' expert reports are replete with references to Moss and Srubar.[27] BEEOO therefore had reasonable notice that GIS would raise an affirmative defense attributing the actions of Moss and Srubar to BEEOO.

Moreover, BEEOO is not prejudiced by allowing GIS to assert such an affirmative defense, as it has been given adequate time to respond. By BEEOO's own account, GIS provided notice of its intent to hold BEEOO accountable for Moss and Srubar's actions when it filed its pretrial inserts on July 1, 2019. Since that time, a continuance of trial was granted, and the parties were later allowed to file dispositive motions.[28] Trial is now set for March 30, 2021. Additionally, the issue of whether the actions of Moss and Srubar can be attributed to BEEOO were litigated in a Motion for Partial Summary Judgment that BEEOO itself filed.[29] Therefore, in light of the particular facts of this case, including the extended amount of time to conduct pre-

---

[26] *See Tajonera v. Black Elk Energy Offshore Operations, LLC, et al.*, Docket No. 13-366, R. Doc. 1169 ("[T]he issue of whether Don Moss was a borrowed servant of BEEOO will be decided in Phase One of trial.").
[27] *See, e.g.,* R. Doc. 134-3 (Expert Report of John Hughett); R. Doc. 137-2 (Expert Report of Chuck Schoennagel).
[28] R. Doc. 199.
[29] *See* R. Doc. 254 (Motion for Partial Summary Judgment Regarding Alleged Legal Duty to Supervise and Ensure Safe Work by Black Elk's Independent Contractors); and R. Doc. 273 (GIS's Opposition).

trial discovery,[30] the Court finds that the affirmative defense was raised at a "sufficiently pragmatic time"[31] to put BEEOO on notice of the defense.

BEEOO further argues that it will be prejudiced if the Court allows the affirmative defense as Moss is unavailable for trial and counsel has agreed to use his deposition testimony from the *Tajonera* case. BEEOO alleges that questions regarding Moss's employee status did not come up during his deposition and BEEOO will now be prejudiced if not allowed to elicit information regarding his employment status. Notably, BEEOO asserts "GIS will not be allowed to ask him [Moss] these critical questions and BEEOO [Black Elk] will not have an opportunity to elicit testimony in response."[32] The Court notes the irony that, in support of its argument that it will be prejudiced, it alleges that GIS is equally prejudiced. Further, the Court points out that BEEOO has not moved to re-open limited discovery for these purposes during the pendency of this Motion, despite the fact that GIS indicated in its Opposition that "[s]hould BEEOO wish to conduct such discovery, GIS will not oppose any request by BEEOO to take the deposition of either Moss or Srubar on the limited issues raised in its *limine* motion, provided these depositions are taken promptly."[33] BEEOO has failed to so move, nor has it provided any justification for failing to do so. Accordingly, the Court finds that there is no prejudice to BEEOO. The Court

---

[30] The Court would be remiss not to point out the significant delays in bringing this matter to trial, including matters related to BEEOO's bankruptcy proceedings and the COVID-19 pandemic, all of which ultimately allowed time for extensive pre-trial discovery.
[31] *Pasco*, 566 F.3d at 577.
[32] R. Doc. 193-1 at 4.
[33] R. Doc. 203 at 3-4.

further finds that GIS has not waived an affirmative defense that Don Moss and Chris Srubar are borrowed servants or agents of BEEOO.[34]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion *In Limine* is **DENIED**.

New Orleans, Louisiana, February 12, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[34] The Court recognizes that its Order on BEEOO's Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial and BEEOO's Motion for Partial Summary Judgment Regarding Alleged Legal Duty to Supervise and Ensure Safe Work by Black Elk's Independent Contractors, R. Doc. 329, may moot the issue addressed in this Order. In this Order, the Court addresses only whether the borrowed-servant affirmative defense was timely raised, not the relevance or merits of the defense.