UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

# ORDER

Before the Court is Black Elk Energy Offshore Operations LLC's Motion for Partial Summary Judgment to Dismiss Grand Isle Shipyard's Louisiana Oil Well Lien Act Claims.[1] The Motion is opposed,[2] and Black Elk Energy Offshore Operations LLC has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is granted.

## I.   BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") initially filed various petitions in Louisiana state courts in which it asserted claims under the Louisiana Oil Well Lien Act ("LOWLA") against Black Elk Energy Offshore Operations, LLC ("BEEOO")[4]

---

[1] R. Doc. 255.
[2] R. Doc. 276.
[3] R. Doc. 310.
[4] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.

associated with services GIS provided to certain wells and leases that were owned by BEEOO.[5] Those state court petitions were removed to federal court.[6] In the lead case, Docket No. 15-129, GIS then filed a First Amended Complaint, which reasserted the LOWLA claims and also asserted breach of contract claims against BEEOO.[7] GIS then moved for leave to file a Second Amended Complaint in the lead case, in part because various oil wells and leases subject to its purported liens had been acquired by third parties, and GIS had settled with these third parties.[8] The Court granted GIS's Motion to file its Second Amended Complaint, which asserts LOWLA claims against only seven leases, as well as its breach of contract claims.[9]

BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars damages to BEEOO.[10] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[11] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[12] and *United States v. Black Elk Energy Offshore Operations, LLC*,[13] *United States v. Don Moss*,[14] and *United States v. Chris Srubar*.[15]

---

[5] R. Doc. 1-1; Docket No. 15-152, R. Doc. 1-1; Docket No. 15-153, R. Doc. 1-1; Docket No. 15-905, R. Doc. 1-1; Docket No. 19-11825, R. Doc. 1-1; Docket No. 19-11826, R. Doc. 1-1; Docket No. 19-11827, R. Doc. 1-1. These matters were eventually consolidated. *See* R. Doc. 178.
[6] *See, e.g.*, R. Doc. 1.
[7] R. Doc. 16.
[8] R. Doc. 18-1.
[9] R. Doc. 20 at 2 ¶ 4.
[10] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[11] *See id.* at 10 ¶ 16.
[12] Civil Docket No. 13-366.
[13] Criminal Docket No. 15-197-1.
[14] Criminal Docket No. 15-197-2.
[15] Criminal Docket No. 15-197-6.

BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[16]

BEEOO has put forth undisputed evidence that after the explosion, BEEOO sold, transferred, or abandoned its Gulf of Mexico assets, including the oil and gas leases or properties that were subject to GIS's LOWLA claims.[17] BEEOO also filed for Bankruptcy in the Southern District of Texas.[18] The first contested issue of law in the parties' Proposed Pretrial Order reads: "Whether GIS is entitled to have the Court recognize and enforce its lien and privilege for its unpaid services, plus interest and associated costs and penalties thereon on the Leases owned and operated by BEEOO, pursuant to La. R.S. 9:4861, *et seq.*, and all other applicable laws."[19]

BEEOO now moves to dismiss GIS's LOWLA claims.[20] BEEOO argues that LOWLA claims are strictly *in rem*, and because BEEOO no longer owns the relevant leases or properties, the claims must be dismissed. In its Opposition,[21] GIS argues that the BEEOO bankruptcy confirmation order explicitly contemplates GIS's LOWLA claims surviving, and that the claims therefore transfer to the bankruptcy assets. GIS further argues that dismissing the LOWLA claims would be contrary to public policy as well as LOWLA's purpose. In its Reply,[22] BEEOO argues that while LOWLA's enforcement may be broadly construed, its application should be strictly

---

[16] R. Doc. 70; R. Doc. 76.
[17] *See* R. Doc. 255-2 (Declaration of Cliff Joe Bruno).
[18] *See In Re: Black Elk Energy Offshore Operations, LLC*, Case No. 15-34287, United States Bankruptcy Court for the Southern District of Texas.
[19] R. Doc. 171 at 22.
[20] R. Doc. 255.
[21] R. Doc. 276.
[22] R. Doc. 310.

construed. It further denies that the bankruptcy proceeding explicitly contemplate GIS's LOWLA claims surviving bankruptcy as alleged by GIS.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[23] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[24] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[25] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[26]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[27] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the

---

[23] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[24] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[25] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[26] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 at 248.
[27] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

reasonable fact-finder to return a verdict in favor of the moving party."[28] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[29] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[30]

### III. ANALYSIS

This Motion deals with GIS's claims under the Louisiana Oil Well Lien Act, La. R.S. 9:4861, *et seq.*, which "provides broad and far reaching protection to providers of labor and furnishers of material in conjunction with the drilling of oil wells."[31] In short, LOWLA allows those who provide services to oil wells or leases to assert a privilege over property listed in the statute, including the lease and wells. The purpose of LOWLA is to protect those "who contribute labor, services, and equipment to the drilling of wells from the default of those who engage them."[32]

Importantly here, Louisiana has made clear that the act applies only *in rem*. As the Louisiana Supreme Court has long held, proceedings *in rem* are only "against the thing" rather than against a specific party.[33] The Louisiana Supreme Court has

---

[28] *Id.* at 1265.
[29] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[30] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[31] *Guichard Drilling Co. v. Alpine Energy Services, Inc.*, 657 So. 2d 1307, 1311 (La. 1995).
[32] *Guichard Drilling Co.*, 657 So. 2d at 1312.
[33] *See, e.g., Favrot v. Delle Piane*, 4 La. Ann. 584, 586 (La. 1849); *Huber v. Abbott*, 3 So. 259, 260 (La. 1887).

stated: "[T]he privilege granted by La. R.S. 9:4861 does not apply against the lease owners or equipment owners themselves, but rather only against the property subject to the privilege. It is well settled that the privilege created by La. R.S. 9:4861 is strictly *in rem*, against the property (lease or equipment) only, *and no personal liability is created by the privilege on the part of the owners of property subject to the privilege*."[34] Courts have found that parties cannot pursue money damages against lease owners for its lien under LOWLA, as LOWLA creates no personal obligation on the part of the lease owner.[35] Indeed, GIS implicitly acknowledged this fact by settling its LOWLA claims for certain wells against third parties other than BEEOO.[36] Here, it is undisputed that BEEOO no longer owns the leases in question. Therefore, because a LOWLA claim can be asserted only *in rem*, GIS cannot assert a set off based on its *in rem* liens on leases BEEOO does not own.

GIS resists this conclusion in two ways. First, it argues that such a result would run contrary to public policy as well as LOWLA's purpose. GIS is correct that the Louisiana Supreme Court has held that "provisions relative to the enforcement of [a LOWLA] lien are construed liberally because of their remedial nature."[37] But it has also noted that "lien statutes are *stricti juris* and thus should be strictly construed."[38] Moreover, no matter how liberally construed the provisions related to the enforcement of a LOWLA lien, liberal construction of those provisions cannot

---

[34] *Guichard Drilling Co.*, 657 So .2d at 1315 (emphasis added).
[35] *Bordenlon Marine, L.L.C. v. Devon Energy Prod. Co.*, No. 14-1784, 2015 WL 1509493, at *3 (E.D. La. Apr. 1, 2015).
[36] *See* R. Doc. 18 (Motion for Leave to File Second Amended Complaint).
[37] *Guichard Drilling Co.*, 657 So. 2d at 1314.
[38] *Id.* at 1313.

fundamentally convert the nature of a LOWLA lien from an *in rem* claim to an *in personam* claim.

Second, GIS argues that the Confirmation Order in BEEOO's bankruptcy proceeding "explicitly" contemplated that GIS could assert its LOWLA claims as setoff rights here. GIS points to the Order Confirming the Third Amended Plan which states that "nothing in this Section shall prevent a creditor from exercising recoupment or set off rights to the extent they are otherwise valid under Section 553 of the Bankruptcy Code."[39] GIS overreads the Order Confirming the Third Amended Plan. As an initial matter, the Court questions GIS's assertion that the "bankruptcy Confirmation Order explicitly contemplates GIS's claim for interest, costs, and statutory attorneys' fees as part of its LOWLA claims."[40] A reading of the Confirmation Order reveals that it does not "explicitly" contemplate GIS's LOWLA claims; indeed, they are not even mentioned. Rather, the Plan simply reaffirms that it does not prevent a creditor from exercising setoff rights against BEEOO that would otherwise be valid under 11 U.S.C. § 553. Section 11 U.S.C. § 553 of the Bankruptcy Code merely states that "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that rose before the commencement of the case" except in certain circumstances.[41] In

---

[39] R. Doc. 276-2 at 32. The Plan also provides that "[n]othing in Article VIII(B)(2) of the Plan or paragraph 18 of this Confirmation Order shall prevent a creditor from exercising recoupment or set off rights to the extent they are provided for under Section 553 of the Bankruptcy Code or as set forth in a stipulation incorporated herein." *Id.* at 35.
[40] R. Doc. 276 at 5.
[41] 11 U.S.C. § 553.

short, GIS may have had *in rem* claims under LOWLA regarding BEEOO's wells and leases prior to the time BEEOO filed for bankruptcy. BEEOO's subsequent bankruptcy filing and the actions by the Bankruptcy Court does not mean that those claims are now valid against BEEOO given that it has sold or abandoned the wells and leases at issue. Neither the Bankruptcy Code nor the Bankruptcy Court converted these *in rem* claims to *in personam* claims.[42] The Court therefore rejects GIS's argument.

GIS also makes an interrelated policy argument, stating: "Critically, the Trustee asks this court to allow future LOWLA defendants to evade LOWLA liability simply by initiating bankruptcy proceedings."[43] GIS's argument in this regard misses the purpose of LOWLA. It is not BEEOO's bankruptcy proceeding that bars GIS from enforcing its LOWLA claims against BEEOO, but rather the *alienation* of the oil wells and leases against which GIS had an *in rem* claim.[44] Indeed, the Louisiana Supreme Court has recognized that when a lease subject to a LOWLA lien is assigned to a third party, the lease is assigned subject to that lien and the buyer is a proper party to its enforcement.[45] The lien, then, is extinguished as to the original owner, but not necessarily to a new owner. To the extent BEEOO has alienated the wells and leases

---

[42] *See, e.g., In re Mandehzadeh*, 515 B.R. 300, 301 (E.D. Va. 2014) (noting the separate treatment in bankruptcy of *in rem* and *in personam* claims).
[43] R. Doc. 276 at 7.
[44] Indeed, court have recognized the ability to recover pre-petition LOWLA claims. *See e.g.*, *In re ATP Oil & Gas Corp.*, 550 B.R. 110, 113-14 (Bankr. S.D. Tex. 2016).
[45] *See Guichard Drilling Co*, 657 So. 2d at 1316 n.7. *See also Transworld Drilling Co. v. Texas General Petroleum Corp.*, 480 So. 2d 323, 325 (La. App. 4 Cir. 1985) ("A third party who buys property or takes an assignment of it as in this case from a defendant against whom the lis pendens was recorded takes it subject to the claim against it."); *In re ATP Oil & Gas Corp.*, 570 B.R. 704 (S.D. Tex. 2017) (considering a LOWLA claim against a third party who purchased a mineral interest subject to that claim from a bankrupt entity).

to third-parties, GIS may pursue their LOWLA claims against those parties; however, as they are not parties to this suit, this is not an issue before the Court.

IV. CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion is **GRANTED**.

New Orleans, Louisiana, February 12, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**