UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

## ORDER

Before the Court is Black Elk Energy Offshore Operations, LLC's Motion for Partial Summary Judgment Regarding Whether the Failure by Black Elk Energy Offshore Operations, LLC to Pay Invoices of Grand Isle Shipyards, Inc. Constitutes a Breach of Contract.[1] The Motion is fully briefed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I.  BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on

---

[1] R. Doc. 253.
[2] R. Doc. 268 (Response in Opposition); R. Doc. 318 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation.  *See* R. Doc. 42.  For ease of reference and consistency, the Court refers to this party as BEEOO.

various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

According to the parties' Proposed Pretrial Order, GIS's breach of contract claim deals with payments it alleges it is owed on various invoices post-dating the explosion. GIS and BEEOO entered into a Business Alliance Agreement in 2010, and GIS provided labor, materials, supplies, and other goods and services to BEEOO in connection with its oil and gas wells.[12] It is uncontested that, when GIS did work for BEEOO, "BEEOO's construction superintendent would review the GIS invoice along with its backup documentation and attempt to match it to its respective daily construction report. Once all documentation was reviewed and verified and

---

[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*
[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 171 at 4 ¶¶ 1-2.

approved, the construction superintendent would approve the work and authorize payment by GIS."[13] Following the explosion in November 2012, BEEOO stopped making payments on GIS's invoices.[14]

Earlier in this litigation, GIS moved for partial summary judgment on its breach of contract claim, seeking a judgment as a matter of law that BEEOO owed GIS $3,353,309.58 for unpaid invoices.[15] Chief Judge Brown issued an order denying GIS's Motion.[16] In that order, Chief Judge Brown stated with respect to the West Delta 32 Invoices that "[e]xamining GIS' proffered evidence under the Louisiana standard for oral contracts, the Court finds that GIS has presented sufficient evidence to prove the existence of an oral contract between the parties."[17] Chief Judge Brown declined to grant summary judgment as she found that GIS did not meet its burden of establishing beyond peradventure all elements of its claim. Specifically, she stated that "GIS must prove a breach of contract with respect to each individual claim."[18] She continued "[v]iewed in this manner, GIS provides scant evidence in support of its motion that establishes the essential elements of any of its breach of contract claims.

---

[13] *Id.* at 4 ¶ 3.
[14] *Id.* at 4 ¶ 4.
[15] R. Doc. 125. The Court notes there has been some discrepancy over the exact amount that GIS claims that it is owed. *Compare* R. Doc. 268 (GIS's Opposition to the instant Motion claiming $3,186,431.57 in damages before removing the D&R Invoices and $3,081,556.07 after removing the D&R Invoices) *with* R. Doc. 125-2 (GIS's original motion seeking summary judgment on this issue, requesting $3,359,309.58 in damages). The parties' Proposed Pretrial Order indicates that the amount owed on unpaid invoices is a contested issue of fact. *See* R. Doc. 171 at 12.
[16] R. Doc. 194.
[17] *Id.* at 12.
[18] *Id.* at 13.

There is no description of each of the separate work projects, and no clear dates, project details, or invoice amounts attached to each work project."[19]

GIS then re-urged its motion for partial summary judgment, highlighting additional evidence in support of its claim.[20] This Court denied the re-urged Motion.[21] In doing so, the Court found that "although there appears to be evidence that GIS is owed money, there are still genuine issues of material fact as to the amount and projects."[22] It further found that GIS "still has not presented sufficient evidence to establish that BEEOO failed to perform the obligation or the amount of resulting damages."[23] The Court highlighted that the relevant caselaw required a movant to "establish beyond peradventure *all* of the essential elements of the claim or defense" to warrant judgment in its favor.[24]

BEEOO now moves for summary judgment, essentially seeking dismissal of GIS's breach of contract claim.[25] BEEOO points to the language in Chief Judge Brown's Order stating that GIS has provided "scant evidence" to support its claim. BEEOO further argues that a review of the parties' proposed Pretrial Order demonstrates that GIS lacks evidence to corroborate any oral testimony regarding a contract, as required by Louisiana law.

---

[19] *Id.*
[20] R. Doc. 249.
[21] R. Doc. 318.
[22] *Id.* at 7.
[23] *Id.*
[24] R. Doc. 318 at 9 (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).
[25] R. Doc. 253.

GIS opposes the Motion.[26] GIS argues that not only can it establish that BEEOO breached the parties' agreement, but that in its re-urged motion for partial summary judgment, it established that BEEOO owes it damages as a matter of law. GIS again highlights the evidence it believes establishes a breach of contract by BEEOO, specifically BEEOO's corporate deposition in which BEEOO"s representative testified that BEEOO did not object to the amounts billed by GIS for materials or GIS labor and only objects to the amount billed for D&R labor.

BEEOO has filed a Reply,[27] in which it stresses that while GIS has established the existence of an oral agreement regarding work on the West Delta 32 Platform, it has not established the existence of an oral agreement as to each of the projects at issue. BEEOO further argues that GIS has failed to provide evidence which Chief Judge Brown indicated was required in her initial order denying partial summary judgment.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[28] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[29] While all reasonable

---

[26] R. Doc. 268.
[27] R. Doc. 312.
[28] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[30] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[31]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[32] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[33] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[34] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[35]

---

[30] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[31] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).
[32] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[33] *Id.* at 1265.
[34] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[35] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

### III. ANALYSIS

Under Louisiana law, the essential elements of a breach of contract claim are "(1) the obligor's undertaking an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee."[36] Further, in Louisiana, "[a]n oral contract for more than five hundred dollars may be proved by the testimony of 'one witness and other corroborating circumstances.'"[37] "While the plaintiff's own testimony can meet the one witnesses requirement, the corroborating circumstances 'must come from a source other than the plaintiff.'"[38] The corroborating evidence need only be general in nature; each specific detail of the alleged contract does not need to be corroborated;"[39] and "[t]he trier of fact has great latitude in what to accept as corroborating evidence."[40]

Here, although GIS has not previously presented enough evidence for the Court to grant summary judgment in its favor,[41] it has presented sufficient evidence to avoid dismissal of its claim. This evidence includes the declaration of Bryan Pregeant,[42] the deposition testimony of John Hoffman, BEEOO's founder and former CEO,[43] the deposition of BEEOO's corporate representative, and the narrative

---

[36] *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011).
[37] *Meredith v. La. Fed'n of Teachers,* 209 F.3d 398, 406 (5th Cir. 2000) (quoting La. Civ. Code art. 1846).
[38] *Id.* (quoting *Diversified Marine Servs., Inc. v. Jewel Marine, Inc.*, 222 So. 3d 1008, 1014 (La. App. 1 Cir. 2017)).
[39] *Kessler v. Popich*, 240 F. App'x 618, 621 (5th Cir. 2007) (citing *Gulf Container Repar Servs., Inc. v. FIC Bus. & Fin. Ctrs., Inc.*, 735 So. 2d 41, 43 (La. App. 5 Cir. 1999)).
[40] *Worldwide Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs., Inc.*, 502 F. App'x 408, 411 (5th Cir. 2012) (citing *B.M. Albrecht Elec., Inc. v. Griffin*, 413 So. 2d 246, 247 (La. App. 4 Cir. 1982)).
[41] *See* R. Doc. 318.
[42] R. Doc. 249-3 at 1-10.
[43] R. Doc. 249-6.

summary of the relevant invoices.[44] Relevant here is that when a party such as GIS seeks summary judgment, it "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in [its] favor."[45] Although the Court previously denied GIS's re-urged Motion for Partial Summary Judgment, it did not find that GIS could not establish its claim at trial. Rather, it stated that "although there appears to be evidence that GIS is owed money, there are still genuine issues of material fact as to the amount and projects."[46] And at trial, "[t]he trier of fact has great latitude in what to accept as corroborating evidence."[47] Accordingly, the Court declines to grant BEEOO's motion to issue an order determining that GIS cannot carry its burden of proof at trial with reference to its claim that BEEOO breached a contract with GIS.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, February 22, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 249-3 at 172-451.
[45] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).
[46] R. Doc. 318.
[47] *Worldwide Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs., Inc.*, 502 F. App'x 408, 411 (5th Cir. 2012) (citing *B.M. Albrecht Elec., Inc. v. Griffin*, 413 So. 2d 246, 247 (La. App. 4 Cir. 1982)).