UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

## ORDER

Before the Court is Black Elk Energy Offshore Operations' Motion for Partial Summary Judgment Regarding Contractual Provisions Breached by Grand Isle Shipyards, Inc.[1] The Motion is fully briefed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court grants the Motion in part and denies it in part.

### I. BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on

---

[1] R. Doc. 256.
[2] R. Doc. 274 (Response in Opposition); R. Doc. 315 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.

various oil and gas wells.[4]  BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[5]  Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6]  That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10]  BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

BEEOO contends that in causing the explosion at the West Delta 32 platform, GIS breached three agreements between the parties.  First, BEEOO argues that GIS, through its subcontractors, breached the parties' Master Service Agreement.[12]  That agreement allegedly required, among many other things, that GIS comply and cause its employees and subcontractors to comply with BEEOO's safety rules.[13]  Second, BEEOO argues that GIS breached the parties' Bridging Agreements, which provided that GIS's subcontractors "will be knowledgeable and experienced in work practices

---

[4] *See generally* R. Doc. 20 (Second Amended Complaint).  GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act.  *See id.*
[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 356-2.
[13] *See* R. Doc. 256-2 at 3.  The Court acknowledges that in addition to a dispute over whether the MSA was even breached, GIS also contests whether BEEOO was even a party to the MSA.

necessary to perform their job in a safe and environmentally sound manner"[14] and also allegedly required GIS to conform to BEEOO's hot work procedures.[15] The parties also entered into a Business Alliance Agreement.[16]

In the parties' proposed Pretrial Order, Contested Issue of Law No. 7 is listed as "[w]hether BEEOO must prove a breach by GIS of any specific contract provision to prove a breach of contract claim."[17] Further, Contested Issue of Law No. 8 is listed as "[w]hether BEEOO's claims against GIS are prescribed tort claims masquerading as contract claims."[18]

BEEOO now moves for partial summary judgment, seeking an order striking Contested Issues of Law Nos. 7 and 8 from the parties' Proposed Pretrial Order.[19] BEEOO readily acknowledges that under Louisiana law, a plaintiff is required to allege a breach of a specific contractual provision in order to prove a breach of contract claim, as listed in Contested Issue of Law No. 7. BEEOO presses that it has identified specific contractual provisions in various contracts that it alleges GIS has breached. BEEOO also argues that its claims are clearly not prescribed tort claims masquerading as contract claims as it has alleged breaches of specific provisions of the parties' purported contracts which breaches have been further clarified by discovery in this matter.

---

[14] R. Doc. 256-4 at 5 (Bridging Agreement).
[15] *Id. See also* R. Doc. 256-5 (Hot Work Procedures).
[16] R. Doc. 256-3.
[17] R. Doc. 171 at 22.
[18] *Id.*
[19] R. Doc. 256.

GIS has filed an Opposition to BEEOO's Motion.[20] GIS argues that BEEOO's breach of contract claim is truly just a tort claim in disguise. It points to the broad damages that BEEOO seeks, which it argues are closer akin to those for a tort claim than a breach of contract claim. It also argues that BEEOO's legal theory for GIS's liability is essentially that GIS "blew up" West Delta 32, which it argues is a claim that sounds in tort as it boils down to "but for" causation. GIS also repeats arguments (made elsewhere) that Don Moss and Chris Srubar, BEEOO employees who pleaded guilty to criminal charges following the explosion, are to blame for the explosion, and that their fault as BEEOO's indirect employees is attributable to BEEOO.

In its Reply,[21] BEEOO reiterates its argument that it has identified specific contractual terms which are at play. It further admonishes GIS for discussing negligence and tort principles in this breach of contract action, and takes issue with GIS's legal theory for attributing Moss's and Srubar's fault to BEEOO. Finally, BEEOO argues that its damages were clearly foreseeable under Louisiana Civil Code article 1996 because explosive hydrocarbons are common in piping in offshore platforms, and an explosion of such a platform can cause catastrophic damage.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[22] When assessing whether a dispute regarding any material fact exists, the

---

[20] R. Doc. 274
[21] R. Doc. 315.
[22] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[23] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[24] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[25]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[26] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[27] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[28] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to

---

[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[24] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[25] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).
[26] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[27] *Id.* at 1265.
[28] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial."[29]

### III.  ANALYSIS

#### A. Contested Issue of Law No. 7

As discussed above, Contested Issue of Law No. 7 is listed as: "[w]hether BEEOO must prove a breach by GIS of any specific contract provision to prove a breach of contract claim."[30] It is black-letter law in Louisiana that a party asserting a breach of contract must prove a breach of a specific contractual provision.[31] Indeed, BEEOO concedes this proposition of law.[32] Although there exist disputes about what contracts the parties entered into, whether those terms were breached, or whether BEEOO's breach of contract claim truly sounds in tort, it is clear that BEEOO has at least identified specific contractual provisions that it contends GIS breached. By way of example, BEEOO argues that GIS violated Article 5.3 of the MSA because its contractor did not comply with BEEOO's safety rules.[33] It also alleges that GIS violated the terms of the parties' Bridging Agreement which required GIS's subcontractors to "be knowledgeable and experienced in work practices necessary to perform their job in a safe and environmentally sound manner."[34] In short, although

---

[29] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[30] R. Doc. 171 at 22.
[31] *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732, 738 (E.D. La. 2011) (citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2003)); *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009) ("Even when a contract exists, unless a *specific* contract provision is breached, Louisiana treats the action as tort." (emphasis in original)).
[32] *See* R. Doc. 256-1 at 7-8 ("[I]f GIS is contending that an issue of law exists as to whether or not a party who is asserting a breach of contract claim must prove the violation of a specific provision of the contract before recovering on said claim, this is not an issue contested by Black Elk.").
[33] R. Doc. 256-1 at 3; R. Doc. 256-2 at 2-3 (Article V of the MSA).
[34] R. Doc. 256-1 at 4; R. Doc. 256-4 at 5 (Bridging Agreement).

there remains much that *is* disputed about BEEOO's breach of contract claim, that BEEOO must identify specific contractual provisions is not a contested issue of law.[35] Accordingly, the Court will grant BEEOO's Motion insomuch as it seeks to strike Contested Issue of Law No. 7.

### B. Contested Issue of Law No. 8

Contested Issue of Law No. 8 is listed as "[w]hether BEEOO's claims against GIS are prescribed tort claims masquerading as contract claims."[36] BEEOO seeks summary judgment striking this issue from the Proposed Pretrial Order and an order stating that its breach of contract claims do not, in fact, sound in tort.[37]

There appears to be, at least, some support for GIS's position. "The correct prescriptive period to be applied in any action depends on the nature of the action; it is the duty breached that should determine whether an action is in tort or contract."[38] "The classical distinction between contractual and delictual damages is that the former flow from an obligation contractually assumed by the obligor, whereas the latter flow from a violation of a general duty to all persons."[39] "[A] breach of contract may well give rise to actions both 'ex contractu' and 'ex delicto' and . . . when such occurs, the party injured may elect which action to be pursued."[40] But "even when a

---

[35] The Court notes that BEEOO does not identify a specific provision of the Business Alliance Agreement that was breached by GIS. To the extent that BEEOO's breach of contract claim at trial will turn on a breach of that Business Alliance agreement, it must specify the specific provision breached.
[36] *Id.*
[37] The Court notes that the Motion for Partial Summary Judgment is made by BEEOO, not GIS. Therefore, even if the Court were convinced that BEEOO's claims did sound in tort rather than contract, the Court could not grant summary judgment in GIS's favor.
[38] *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002).
[39] *Id.*
[40] *Davis v. LeBlanc*, 149 So. 2d 252, 254 (La. 1963).

tortfeasor and victim are bound by contract, Louisiana courts usually apply delictual prescription to actions that are really grounded in tort."[41]

The primary question, then, is whether the duty breached by GIS is one that was a special obligation contractually assumed by GIS, or one that is a general duty owed to all persons.[42] At the heart of this dispute is the parties' characterization of GIS's purported duty and actions. GIS stresses that the Court should look at BEEOO's claim through an *ex delicto* lens (because GIS characterizes its duty as one of reasonable care not to contribute to the explosion of the oil platform); BEEOO, on the other hand, stresses that the Court should look at its claim through an e*x contractu* lens (because BEEOO characterizes its claim as based on GIS purported contractual duties, such as complying with BEEOO's safety rules and ensuring that their workers were knowledgeable about the necessary safety procedures).

On this record, and at this stage of the proceedings, the Court will not find that as a matter of law BEEOO's breach of contract claims do not sound in tort. This question will turn on what contractual terms bound the parties, and how (if at all) GIS breached a specific contractual provision to BEEOO. These are issues that are still hotly disputed between the parties. In short, depending on the facts established at trial regarding the explosion, the Court could find that the duty breached by GIS was one that arose independent from the parties' contracts, and therefore sounded in tort and is therefore prescribed. Based on the disputes regarding facts surrounding the contracts and the explosion, as well as the parties' vigorous dispute about what

---

[41] *Terrebonne Parish School Bd.* 310 F.3d at 886.
[42] *Harrell v. Fidelity Sec. Life Ins. Co.*, No. 07-1439, 2008 WL 170269, at * 4 (E.D. La. Jan 16, 2008).

exact contractual provisions may have been breached (and even which contracts applied), the Court finds determination of this issue premature. Contested Issue of Law No. 8 therefore remains a contested issue, and summary judgment is inappropriate at this time.

The Court further notes that the BEEOO seems to assert in its Reply that as a matter of law, the damages it claims are foreseeable. "An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made."[43] BEEOO states "the consequences of the actions of GIS in this instance, or inactions as the case may be, constituting breaches of multiple specific contractual provisions, were very foreseeable and very predictable."[44] GIS contends that the damages BEEOO seeks are so significant that they would not be available even if BEEOO's action sounded in tort. Importantly, the question of whether BEEOO's damages were a foreseeable consequence of GIS's breach is a question of fact to be determined at trial.[45] BEEOO has formerly recognized as much.[46]

---

[43] La. Civ. Code art. 1996. The Court also notes that unforeseeable damages could be awarded if a contract is breached in bad faith. *See* La. Civ. Code art. 1997.
[44] R. Doc. 315.
[45] *Volentine v. Raeford Farms of Louisiana, LLC*, 201 So. 3d 325, 349 (La. App. 2 Cir. 2016); *National Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551 (5th Cir. 2005).
[46] R. Doc. 105 at 21-22 ("The question of whether or not such damages are foreseeable is a question of fact for the jury—or in this case, the judge.").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Black Elk Energy Offshore Operations' Motion for Partial Summary Judgment is **GRANTED** to strike Contested Issue of Law No. 7 from the Proposed Pretrial Order. The Motion is **DENIED** in all other aspects. New Orleans, Louisiana, February 22, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**