UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

## ORDER

Before the Court is Grand Isle Shipyard's Motion for Partial Summary Judgment Dismissal of BEEOO's Claims for Attorney's Fees and Litigation Costs.[1] The Motion is fully briefed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

I.  BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that

---

[1] R. Doc. 247.
[2] R. Doc. 278 (Response in Opposition); R. Doc. 313 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.
[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*

GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

In connection with its breach of contract claim, BEEOO seeks various attorney's fees, expert fees, and litigation costs related to other matters, including the *Tajonera* litigation. Earlier in this litigation, GIS filed a motion for partial summary judgment in which it argued that BEEOO is not entitled to such fees and costs.[12] Chief Judge Brown, to whom this matter was originally assigned, denied that motion.[13] In her ruling, Chief Judge Brown found that there existed genuine issues of material fact that precluded summary judgment on the issue of whether the Master Service Agreement, which provides for an recovery of attorneys' fees and costs "in any legal action in which Black Elk prevails, in whole or in part, brought against

---

[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 97.
[13] R. Doc. 225.

CONTRACTOR based on a breach of this agreement,"[14] applies in this matter. She noted that while the Master Service Agreement provides for recovery of attorneys' fees and costs in any legal action, no portion of the Master Service Agreement provided that BEEOO is entitled to fees and costs from prior litigations, which appear to be the basis for those fees and costs in this matter. Chief Judge Brown further noted that there was "some support" for BEEOO's position that a party may recover attorney's fees incurred in previously litigations as breach-of-contract damages if they were foreseeable damages that arose from a breach of contract.[15] Judge Brown pointed to *Kadlec Medical Center v. Lakeview Anesthesia Associates*,[16] a Fifth Circuit case which held that, at least in the tort setting, attorneys' fees incurred in a prior litigation may be awarded as economic damages in a later suit. Although at least one other court has held that the logic of *Kadlec* does not apply to breach of contract claims, Chief Judge Brown questioned this holding because the rationale relied upon in *Kadlec*, based in the Restatement (Second) of Torts, is similar to the Louisiana Civil Law Treatise. In sum, Chief Judge Brown found that "BEEOO may be able to recover attorneys' fees for the original litigation if it can prove that GIS' wrongful act prompted the previous litigation. There are clearly material facts in dispute regarding whether GIS' wrongful act prompted the previous litigation. Additionally, the Court notes that neither party has fully briefed these issues. Accordingly, granting summary judgment at this time would be premature."[17] Chief Judge Brown

---

[14] *Id.*
[15] R. Doc. 225 at 16-17.
[16] 527 F.3d 412 (5th Cir. 2008).
[17] R. Doc. 225 at 19.

also declined to address whether the Louisiana Oilfield Indemnity Act ("LOIA") prohibited BEEOO from collecting damages for prior litigations because BEEOO was not "making a claim herein for defense and indemnity from GIS under the MSA."[18]

GIS now reurges its Motion, seeking essentially the same relief it did previously: an order dismissing BEEOO's claims for attorneys' fees, expert fees, and litigation costs in connection with other civil cases and regulatory matters.[19] GIS reiterates its argument that Louisiana law does not allow for recovery of attorneys' fees absent a specific contractual provision which allows for such fees. GIS also stresses that the LOIA prohibits the collection of such fees in this case. GIS provides a summary of the fees purportedly at issue in this Motion, which it represents makes up over half of BEEOO's claim. Finally, GIS argues that the fees at issue are not "general damages" that can be recovered for this purported breach of contract.

BEEOO has filed an Opposition,[20] in which it argues that GIS seeks wholesale dismissal of an entire category of costs which include attorneys' fees, expert fees, and litigation costs, without examining why those fees were incurred. BEEOO seems to argue that GIS improperly categorizes many of these fees as "attorneys' fees" when many of the fees were unconnected to the *Tajonera* litigation, pointing out that several of the law firms had already been working on legal matters for BEEOO. BEEOO asserts that "[w]hile GIS is correct that *some* of the legal costs supporting BEEOO's claim fit within that category [incurred in anticipation of or defense of the

---

[18] R. Doc. 225 at 20 (citing R. Doc. 105 at 13).
[19] R. Doc. 247.
[20] R. Doc. 278.

*Tajonera* case], the majority do not."[21] BEEOO also argues that the terms of the MSA do not preclude attorney's fees, that the fees that BEEOO seeks are foreseeable and direct damages of GIS's breach, and that the "previous litigation" exception to the American Rule applies in this matter. BEEOO argues that LOIA does not apply to this dispute, as LOIA does not apply to breach of contract claims such as those at issue, and it has yet to be determined if the work on BEEOO's platform "pertains to a well." Finally, BEEOO argues that issues of material fact preclude a finding of legal costs as "special, indirect, or consequential damages."

GIS filed a Reply.[22] GIS first argues that BEEOO fails to properly contest various certain assertions in GIS's Local Rule 56.1 Statement of Contested/Uncontested Facts, and therefore those assertions must be deemed admitted. Specifically, GIS alleges that Uncontested Fact Nos. 13-16, 27-29, and 42-49 have not properly been disputed and therefore must be deemed admitted. GIS also argues that Louisiana law does not recognize attorney's fees as compensatory damages, and that Louisiana law as a matter of policy does not allow Attorney Fees and Costs to be recovered under LOIA which it argues applies in this matter since it "pertains to a well."[23] GIS further argues that the Master Service Agreement does not apply to West Delta 32, apparently arguing that any language included in the MSA regarding attorneys' fees is irrelevant to this matter. Finally, GIS presses that Chief Judge Brown's order denying GIS's original motion on this topic is not "relevant

---

[21] *Id* at 10 (emphasis in original).
[22] R. Doc. 313.
[23] *Id.*

or pertinent" to this Motion because Chief Judge Brown raised a new legal theory the parties had not yet briefed, and the parties have now briefed the issue.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[24] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[25] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[26] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[27]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[28] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the

---

[24] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[25] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[26] *Id*. (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[27] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).
[28] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

reasonable fact-finder to return a verdict in favor of the moving party."[29] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[30] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[31]

### III. ANALYSIS

BEEOO aptly characterizes GIS's instant Motion as a second bite at the apple, stating that, despite the passage of time, "neither the law, nor the facts have changed. Rather, GIS hope for a different result now that the case has been transferred."[32] Chief Judge Brown's previous order denying summary judgment on this issue is law of the case insomuch as it determined that summary judgment on this issue is inappropriate barring a significant change in circumstances. "The law of the case doctrine 'expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'"[33] "The doctrine applies not only to issues decided explicitly, but also to everything decided 'by necessary implication.'"[34]

---

[29] *Id.* at 1265.
[30] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[31] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[32] R. Doc. 278 at 1.
[33] *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006) (citing *Messinger v. Anderson*, 225 U.S. 436 (1912)).
[34] *Id.* (citing *Browning v. Navarro*, 887 F.2d 553, 556 (5th Cir. 1989)).

Here, Chief Judge Brown issued an order in this case denying partial summary judgment on this exact issue. She did so because (1) issues of material fact existed as to whether GIS and BEEOO are parties to the MSA;[35] and (2) material facts existed regarding whether GIS's wrongful act prompted the previous litigation.[36] After finding that there is a genuine issue of material fact in dispute as to whether GIS's wrongful act prompted the previous litigation, Chief Judge Brown also noted in the Conclusion that "Additionally, the Court notes that neither party has fully briefed these issues."[37] Here, although the parties have now briefed the issue of whether to follow the reasoning of *Kadlec Medical Center v. Lakeview Anesthesia Associates*[38] and *Theriot v. State Farm Mutual Auto Insurance Company,*[39] the issues of material fact that Chief Judge Brown found precluded summary judgment on this issue remain at play.[40] Indeed, much of the argument made by GIS is the exact same argument that Chief Judge Brown found non-dispositive of this issue.[41] Further, there are other disputed issues that make summary judgment on this issue inappropriate at this

---

[35] R. Doc. 225 at 16.
[36] *Id.* at 19.
[37] *Id.* at 20.
[38] 527 F.3d 412 (5th Cir. 2008).
[39] No. 17-1688, 2019 WL 1320009, at *3 (W.D. La. Mar. 22, 2019).
[40] In its Reply, GIS argues that BEEOO's failure to cite evidence in contesting each alleged fact GIS stated in its Rule 56.1 Statement of Contested and Uncontested Facts is significant and alters the status of this litigation. GIS overreads the precedents it relies on and the Local Rules, and also misunderstands many of BEEOO's objections GIS's Statement of Contested and Uncontested Facts. As an initial matter, the Court notes that many of the facts listed in GIS's Rule 56.1 Statement have questionable relevance to this Motion. Further, many of BEEOO's objections dealt with GIS's *characterization* of the evidence it cited to, and contrary evidence wouldn't necessarily exist for such an objection. Moreover, the cases GIS relies on deal with situations where parties failed to present evidence in opposition to the heart of a summary judgment motion, not where they failed to cite evidence in response to assertions made in a statement required by local rules. GIS's argument seeks too much, and the Court declines to deem those facts admitted at this stage.
[41] *Compare* R. Doc. 97-1 (GIS's Memorandum in Support of its Initial Motion) *with* R. Doc. 247-2 (GIS's Memorandum in Support of its Instant Motion) (making similar, and at times verbatim, arguments).

juncture. For example, even were the Court to find that BEEOO may not collect attorneys' fees, the parties dispute even which costs are properly characterized at attorneys' fees. Accordingly, the Court will again deny summary judgment.[42]

IV. CONCLUSION

**IT IS HEREBY ORDERED** that GIS's Motion is **DENIED**.

New Orleans, Louisiana, February 23, 2021.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[42] The Court notes that it reads Chief Judge Brown's Order narrowly, insomuch as it found that summary judgment on this issue was inappropriate notwithstanding further factual development. For clarity, the Court does not find that it is law of the case that *Theriot* is inapplicable here, or that the damages at issue are necessarily recoverable under the reasoning of the Restatement (Second) of Torts. Indeed, that exact question was discussed but left open by Chief Judge Brown's opinion. Those issues remain pending a determination following trial in this matter.