# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**GRAND ISLE SHIPYARDS, INC.**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 15-129**
                                                   **C/W 15-154; 15-153;**
                                                   **15-905; 19-11825;**
                                                   **19-11826; 19-11827**

**BLACK ELK ENERGY OFFSHORE**                      **SECTION D (5)**
**OPERATIONS, LLC**

## ORDER

Before the Court is Black Elk Energy Offshore Operations, LLC's Motion for Partial Summary Judgment Regarding Alleged Limitations on its Breach of Warranty Claim.[1] The Motion is fully briefed.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

## I.    BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on various oil and gas wells.[4]  BEEOO filed an Answer and Counterclaim, alleging that

---

[1] R. Doc. 252.
[2] R. Doc. 272 (Response in Opposition); R. Doc. 314 (Reply).
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation.  *See* R. Doc. 42.  For ease of reference and consistency, the Court refers to this party as BEEOO.
[4] *See generally* R. Doc. 20 (Second Amended Complaint).  GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act.  *See id.*

GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[5]  Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6]  That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC,*[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10]  BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

As part of its counterclaim, BEEOO asserts a breach of warranty claim.  It asserts that GIS represented and warranted that it was an expert on the kind of work that was to be performed on the West Delta 32 platform, and that it would perform such work in a "safe, good, and workmanlike manner."[12]  BEEOO contends that GIS breached such warranties, and therefore owes BEEOO damages.[13]  The parties' Proposed Pretrial Order makes clear that GIS takes specific issue with the monetary damages BEEOO seeks for its breach of warranty claim.  The Proposed Pretrial Order contains the following three Contested Issues of Law:

> 31. Whether the MSA Clause VI is a stipulation for damages, which has the effect of a judicial admission.

---

[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 76 at 15 ¶¶ 35-42.
[13] *Id.*

> 32.   Whether, if the MSA does not apply, then BEEOO's recovery for any breach of warranty that it can prove, is the same under Louisiana law as under the MSA: remediation of the defective performance.
>
> 33.   Whether BEEOO has no claim whatsoever for any money damages for a breach of warranty under either the MSA or the Louisiana Civil Code, so the breach of warranty claim likewise does not provide an avenue for recovery of attorney's fees and litigation costs.[14]

BEEOO now moves for Partial Summary Judgment,[15] seeking a judgment as a matter of law that it has not stipulated to damages for its breach of warranty claim, that its damages are not limited to remediation of the defective performance, and that it may recover attorney's fees and litigation costs from the breach of warranty claim. Specifically, it argues that Clause VI of the Master Service Agreement ("MSA"), does not include a stipulation to damages to repairing the equipment and property damaged because included in the language of that clause is the phrase "if so directed by BLACK ELK."   BEEOO contends that this gives BEEOO the option to pursue other damages beyond repair of the equipment and property damaged.   BEEOO also stresses that Louisiana law does not provide that remediation is the only remedy. Finally, BEEOO argues that it is entitled to recovery attorney's fees and costs associated with GIS's purported breach of warranty because such fees and costs are a direct result of GIS's breach.

GIS has filed an Opposition.[16]   GIS's primary argument is that the MSA does not apply to this dispute, as the MSA was a contract between GIS and Black Elk

---

[14] R. Doc. 171 at 24.
[15] R. Doc. 252.
[16] R. Doc. 272.

Energy, LLC, which is a different legal entity from BEEOO.  It therefore argues that any stipulated damages clause in the MSA is not at issue.  GIS further argues that, should the Court find the MSA applicable, the "if so directed by BLACK ELK" language in the MSA only "provides the procedure whereby re-performance must be invoked" and does not allow for an alternative remedy, and, therefore, re-performance is BEEOO's sole remedy.  GIS further presses that Louisiana law limits the remedy for a breach of warranty to rehabilitation.  Finally, it makes several other arguments, including that BEEOO had a duty to mitigate its damages and that the parties' purported Bridging Agreement is not a contract.

BEEOO has filed a Reply,[17] in which it argues that the issue of whether the MSA applies to this dispute is not before the Court.  It also argues that GIS misstates Louisiana law regarding breach of warranty claims, and reiterates that it is entitled broad remedies as a result of GIS's purported breach of warranty.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[18]  When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[19]   While all reasonable

---

[17] R. Doc. 314.
[18] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[20]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[21]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[22]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[23]  If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[24]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[25]

---

[20] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[21] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).
[22] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[23] *Id.* at 1265.
[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[25] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

### III.   ANALYSIS

BEEOO's Motion is premature.  The Motion largely turns on language in the MSA, and whether it acts as a stipulated damages clause.  Notedly, the parties dispute whether the MSA applies, and BEEOO expressly states that "[s]tated simply, this issue is not before the Court at this time."[26]  Indeed, in ruling on another motion in this litigation, Chief Judge Brown found that "the parties vigorously dispute whether the MSA applies to this case, and there are clearly genuine issues of material fact in dispute that would preclude summary judgment on that issue."[27]

The Fifth Circuit has made clear that a district court should not engage in contract interpretation before determining whether the contract in question binds the parties.[28]   Accordingly, the Court finds that a ruling interpretating the MSA premature, and therefore denies the Motion as to Contested Issue of Law No. 31.  Additionally, the Court finds that a ruling as to Contested Issue of Law No. 32 is similarly premature, as by its plain terms ("Whether, if the MSA does not apply . . .") that contested issue of law shall be rendered moot should the Court determine at trial that the MSA applies.

Finally, the Court finds a ruling as to Contested Issue of Law No. 33 premature, and insufficiently briefed by the parties at this stage.  The language of this Contested Issue of Law sweeps broadly, asking "[w]hether BEEOO has *no claim*

---

[26] R. Doc. 314 at 2.
[27] R. Doc. 225 at 16.
[28] *Ingraffia v. NME Hospitals, Inc.*, 943 F.2d 561, 565 (5th Cir. 1991) ("We believe, however, that the court launched into the task of contract interpretation before considering the basic requirements for contract formation.") ; *see also Will-Drill Resources, Inc. v. Samson Resources Co.*, No. 02-0406, 2005 WL 2429239, at *4 (W.D. La. Sept. 30, 2005) ("This court cannot undertake the task of contract interpretation before considering the basic requirements for contract formation.").

*whatsoever* for any money damages for a breach of warranty under either the MSA or the Louisiana Civil Code. . ."[29]  The Court does not find it appropriate to rule on the merits of BEEOO's breach of warranty claim in light of the still outstanding issues of material fact.  Further, resolution of Contested Issues of Law Nos. 31 and 32 has obvious implications for the Court's ruling on Contested Issue of Law No. 33, and the Court has found resolution of those Contested Issues of Law premature above. Moreover, the issue of whether or not BEEOO has a remedy by which it may seek attorneys' fees and litigation costs were the subject to separate Motions, each of which were similarly denied.[30]

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion is **DENIED**.

New Orleans, Louisiana, February 23, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 171 at 24 (emphasis added).
[30] *See* R. Doc. 225; R. Doc. 340.