# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION NO: 15-129 c/w 15-152, 15-153, 15-905, 19-11825, 19-11826** |
| **v.** | **APPLIES TO ALL CASES** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **JUDGE WENDY VITTER "D"** |
| | **MAG. MICHAEL NORTH (5)** |

## BLACK ELK TRUSTEE'S OPPOSITION TO GRAND ISLE SHIPYARDS' MOTION TO MODIFY COURT ORDER [REC. DOC. 329] TO CERTIFY FOR INTERLOCUTORY APPEAL

Grand Isle Shipyards, Inc. ("GIS") seeks to stay the progress of this case yet again by asking this Honorable Court to modify its legally correct Order (Rec. Doc. 329) to certify it for appeal to the U.S. Fifth Circuit. More particularly, GIS argues that this Court's February 12, 2021 Order (the "Order") incorrectly found that Louisiana Civil Code article 2003 requires an antecedent breach of contract by the obligee causing the obligor's subsequent breach for the obligee's damages to be proportionately reduced. GIS's request should be denied because: (1) GIS simply repackages its previous arguments, (2) GIS ignores the fact that in issuing its Order, this Court relied upon very recent and controlling case law from both the Louisiana Supreme Court and the U.S. Fifth Circuit; (3) GIS fails to cite to any case that warrants a different result than that reached by this Honorable Court in its Order, and (4) the necessary elements for granting an interlocutory appeal under 28 U.S.C. § 1292(b) are simply absent here and GIS has failed to carry its burden of proving otherwise. Consequently, the Court should neither grant GIS's request to modify its Order, nor certify the Court's interpretation of article 2003 for appeal and this case should finally move to trial on the merits as set for June 1, 2021.

I.      **RELEVANT BACKGROUND**

This dispute stems from the November 16, 2012 explosion on Black Elk Energy Offshore Operations, LLC's[1] ("BEEOO") West Delta 32 offshore oil platform that resulted in millions of dollars in damages to BEEOO's platform and business. This suit in particular was initiated by GIS asserting Louisiana Oil Well Lien Act and breach of contract claims against BEEOO under the Master Service Agreement between the parties for BEEOO's failing to pay GIS's invoices for work on multiple BEEOO platforms after the explosion. BEEOO filed counterclaims against GIS contending that GIS breached numerous provisions in the applicable contracts between the parties, thereby causing the 2012 explosion. In an effort to narrow the issues for trial, BEEOO filed Motions for Partial Summary Judgment seeking to dismiss the Contested Issues of Law proposed by GIS that addressed BEEOO's negligence and that of BEEOO's independent contractors, as well as those issues discussing the allocation of fault for BEEOO's breach of contract claim. (Rec. Docs. 251 and 254).

Essentially, BEEOO asserted that Louisiana Civil Code article 2003 requires that GIS prove an antecedent breach of contract by BEEOO that caused GIS's breach for there to be any reduction in BEEOO's claim; the alleged negligence of BEEOO's other independent contractors therefore is irrelevant. Because GIS has never alleged that BEEOO breached a contractual duty owed to GIS, BEEOO argued that GIS could not reduce its own contractual liability in this case by pointing to the allegedly negligent acts of BEEOO or BEEOO's independent contractors. GIS filed Opposition Memoranda arguing that BEEOO's fault must be allocated and that BEEOO's

---

[1] As the Court is aware, Richard Schmidt is the acting Trustee for the Black Elk Energy Offshore Operations, LLC's Liquidating Trust and is the substituted party for BEEOO in this case. However, for the purposes of this Memo and for continuity with GIS's Motion, we too will use BEEOO to reference the party Defendant.

admitted negligence warrants a reduction in BEEOO's damages. (Rec. Docs. 270 and 273). BEEOO filed Reply Memoranda on both Motions (Rec. Docs. 309 and 311).

This Court agreed with BEEOO's position as supported by the Louisiana Supreme Court and the U.S. Fifth Circuit Court of Appeals and issued its Order on February 12, 2021 (Rec. Doc. 329). Interestingly, GIS did not seek to amend or appeal the Order at that time. On March 1, 2021, GIS filed its Second Motion seeking an indefinite continuance of the March 30, 2021 trial of this matter pending the resolution (through appeal to the U.S. Fifth Circuit) of a collateral issue in the Bankruptcy Court. (Rec. Doc. 345).[2] Once again, GIS did not include a request to appeal the Order in that motion. This Court granted a short continuance of the trial until June 1, 2021, but not on the grounds requested by GIS. (Rec. Doc. 354). With trial not adequately delayed, GIS now seeks a stay of this case pending an interlocutory appeal of the Court's Order regarding allocation of fault under article 2003. (Rec. Doc. 355). This is nothing more than another unsupported attempt by GIS to delay the inevitable and long-awaited trial of this matter and the Court should deny GIS's Motion.

## II.    LAW AND ARGUMENT

### A.    INTERLOCUTORY APPEALS UNDER 28 U.S.C. § 1292(B) ARE GRANTED ONLY IN EXCEPTIONAL CASES.

In general, only final judgments of the federal district courts can be appealed. The final judgment rule reflects "a firm congressional policy against piecemeal appeals."[3] An exception to this rule, found in 28 U.S.C. § 1292(b), provides that a district court may certify for appeal an

---

[2] BEEOO notes that GIS filed a Motion to Continue the February 3, 2020 Trial Date on the grounds that the Bankruptcy Court should be allowed sufficient time to rule on the Trustee's standing. (Rec. Doc. 302). After the Bankruptcy Court ruled on the issue, finding that the Trustee had standing to maintain these claims, GIS, not happy with the result, moved again to continue the trial to allow sufficient time for the standing issue to reach the U.S. Fifth Circuit through the Southern District of Texas. (Rec. Doc. 345).

[3] *Harch Hyperbarics, Inc. v. Martinucci*, No. 09-7467, 2010 WL 4665923 (E.D. La. 2010) (Fallon) (quoting *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-71 (5th Cir. 2009); *Abney v. United States*, 431 U.S. 651, 656 (1977) (internal quotations omitted).

3

order that is not otherwise appealable if the district court is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation.[4] Interlocutory appeals under 28 U.S.C. § 1292(b) are appropriate only in "exceptional cases" and permission to appeal is granted "sparingly and not automatically."[5] The moving party bears the burden of establishing that an interlocutory appeal is appropriate.[6]

### B. THE COURT'S ORDER DOES NOT INVOLVE A CONTROLLING QUESTION OF LAW TO WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION.

To prevail on its current Motion, GIS must provide the Court with "a statement of the precise nature of the controlling question of law involved, together with a brief argument showing the grounds for the asserted difference of opinion and the way in which the allowance of the petition would 'materially advance the ultimate termination of the litigation.'"[7] "To be a controlling question of law, courts require that it have some impact on the course of the litigation."[8]

A substantial ground for difference of opinion generally refers to "an unsettled state of law or judicial opinion, not mere discontent by the appealing party."[9] To be sure, the application of settled law to disputed facts is not a question of law.[10] This Honorable Court has recently advised that such grounds exist: "(1) when a lower court rules in a way that appears to conflict with the rulings of all appellate courts that have decided the issue; (2) when the circuits are in dispute and

---

[4] 28 U.S.C. § 1292(b); *Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).
[5] *Harch Hyperbarics*, 2010 WL 4665923, at *2; *see also U.S. v. Garner,* 749 F.2d 281, 286 (5th Cir. 1985).
[6] *U.S. ex rel Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F.Supp.2d 780, 813 (E.D. La. 2009).
[7] *Clark-Dietz*, 702 F.2d at 68.
[8] *Gulf Coast Facilities Mgmt., L.L.C. v. BG LNG Servs., L.L.C.,* 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (internal citation and emphasis omitted); accord *Tesco Corp. v. Weatherford Int'l Inc.,* 722 F.Supp.2d 755, 766 (S.D. Tex. 2010).
[9] *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Development, LLC*, No. 20-1051, 2020 WL 7626817, *5 (E.D. La. July 14, 2020) (Fallon, J.) (quoting *In re Babcock & Wilcox*, No. 03-01065, 2004 WL 626288, *2 (E.D. La. Mar. 24, 2004)).
[10] *Alexander v. City of Policy of Lafayette*, No. 11-1749, 2019 WL 5678376 (W.D. La. 2019); *Harch Hyperbarics*, 2010 WL 4665923 at *3; *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) ("The term 'question of law' does not mean the application of settled law to fact.").

the Court of Appeals of the relevant circuit has not decided the issue; (3) when complicated issues of foreign law arise; or (4) when the case presents difficult questions of first impression."[11] None of those circumstances are present here.

GIS frames the operative "controlling issue of law" as "whether GIS can seek a reduction in damages in proportion to the negligence of BEEOO under Louisiana Civil Code Article 2003."[12] BEEOO does not refute that this issue is certainly an important one in this case, but instead submits that it is not one to which there is a substantial ground for difference in opinion. Indeed, the controlling case law from the Louisiana Supreme Court and U.S. Fifth Circuit is clear and uniform; GIS simply refuses to acknowledge it. To be sure, the only differing opinion offered by GIS is from GIS itself.

The law at issue is Louisiana Civil Code article 2003, and the question at hand is whether in a breach of contract case, article 2003 reduces GIS's liability to BEEOO by a proportionate share of BEEOO's alleged fault, despite the fact that GIS has not made any claim that BEEOO breached a contract with GIS, causing GIS's breach of contract. GIS's argument offers no cases contradicting this Court's Order, but instead argues that this Court's interpretation and application of the Louisiana Supreme Court's reasoned opinion in *Lamar Contractors, Inc. v. Kacco, Inc.*, 2015-1430 (La. 5/3/16); 189 So.3d 394 was incorrect. Essentially, GIS asserts that *Lamar* is distinguishable and should not be controlling because *Lamar* did not involve "a series of negligent acts." GIS asserts that GIS arguably breached an oral contract with BEEOO only because BEEOO and its independent contractors were negligent prior to or concurrently with GIS. GIS argues further that if its own negligence is found to be sufficient to breach the applicable oral contract,

---

[11] *In re Cella III LLC,* No. 19-14380, 2020 WL 210276, *3 (E.D. La. Jan. 14, 2020) (Vitter, J.) (citing *Dorsey v. Navient Solutions, Inc.*, No. 15-2898, 2015 WL 6442575, at *2 (E.D. La. Oct. 23, 2015)).
[12] Rec. Doc. 355-1 at p. 9.

5

then BEEOO's alleged negligence should be equally sufficient to constitute a breach of that same contract. Yet, GIS has never identified any contractual duties BEEOO allegedly owed to GIS under that alleged oral contract. As stated, GIS's argument is not supported by the claims and facts of this case or controlling case law, and GIS has not carried its burden of persuading this Court to take the exceptional step of granting an interlocutory appeal of this issue to the U.S. Fifth Circuit.

1. **THIS COURT PROPERLY APPLIED *LAMAR*.**

At its core, GIS takes issue with the Court's finding that article 2003 and *Lamar* require an antecedent breach of contract by BEEOO that caused GIS to breach the same contract for there to be any reduction in GIS' fault. GIS asserts that article 2003 only requires a precursor negligence from BEEOO, not a breach of contract. But, the Louisiana Supreme Court's interpretation of article 2003 does not support GIS's position. "Taken as a whole, these authorities support the proposition that an obligor cannot establish an obligee has contributed to the obligor's failure to perform unless the obligor can prove the obligee itself failed to perform duties owed under the contract."[13] Applying the *Lamar* Court's holding to this case: "Stated in other words, [GIS] must demonstrate that [BEEOO] failed to perform its obligations under the contract, which in turn contributed to [GIS's] breach of the contract."[14] Yet, again, GIS has never pointed to a duty or a contract that BEEOO is alleged to have breached that in turn resulted in GIS's breach of the same contract(s). Surely, GIS did not plead such a breach in any of its pleadings, which the Court recognized in its Order. This Honorable Court's interpretation and application of *Lamar* was sound.

2. **THE U.S. FIFTH CIRCUIT ALSO SUPPORTS THIS COURT'S ORDER**

Here, GIS states that an interlocutory appeal is necessary because GIS needs to get the U.S. Fifth Circuit's opinion on Louisiana Civil Code article 2003, yet GIS wholly ignores the recent

---

[13] *Lamar*, 189 So.3d at 398.
[14] *Id.*

opinions issued by the U.S. Fifth Circuit on the very issue at hand. BEEOO's initial Motion addressed the U.S. Fifth Circuit's *Apache Deepwater, LLC v. W&T Offshore, Inc.*, 930 F.3d 647 (5th Cir. 2019) opinion. Therein, the Circuit Court rejected the same arguments that GIS is attempting to make here. GIS, like defendant W&T Offshore, asserts that because the obligee was found to be negligent, then article 2003 serves to reduce the obligee's damage recovery. GIS, like W&T Offshore, argues that article 2003 is clear and therefore, Louisiana case law should not be consulted. However, the U.S. Fifth Circuit rejected both arguments. While the *Apache* dispute involved the bad faith section of article 2003, the Fifth Circuit found that *Lamar* applied equally to bad faith and negligence. Thus, as acknowledged in 2019 by the *Apache* Court, "[f]or Article 2003 to apply as a damages bar, there must be an antecedent determination of breach."[15] The *Apache* Court read the plain language of the Louisiana Supreme Court in *Lamar* and aptly used the word "antecedent" to explain the import of the *Lamar* decision.

More recently, in 2020, the Fifth Circuit reiterated its position on *Lamar* and article 2003 in *Whitney Bank v. SMI Companies Global, Inc.*, 949 F.3d 196 (5th Cir. 2020). "*Lamar* prohibits a reduction in damages based on bad-faith acts unless the misbehaving party breached the terms of the contract."[16] GIS cites to no case law that supports its interpretation of article 2003 or the *Lamar* decision and GIS fails to address those controlling cases that contradict GIS's position and support this Court's Order. What seems abundantly clear from the case law is that there is certainly no substantial ground for a difference of opinion on the operative issue and GIS has not come forth with any argument or law suggesting otherwise.

---

[15] *Apache*, 930 F.3d at 655.
[16] *Whitney Bank*, 949 F.3d at 211.

### 3. GIS CANNOT SATISFY ARTICLE 2003 BECAUSE IT CANNOT AND HAS NOT IDENTIFIED ANY CONTRACTUAL DUTIES BEEOO ALLEGEDLY BREACHED THAT IN TURN CAUSED GIS TO BREACH THE APPLICABLE CONTRACTS.

The ongoing problem GIS has created for itself is that GIS, in its attempt to avoid its obligations under the Master Service Agreement and Bridging Agreements, insists that there were no written contracts governing its November 2012 work on BEEOO's West Delta 32 platform. Instead, GIS hopes the Court ultimately finds that only an oral contract containing no specific provisions applied to its work. While the applicability of the Master Service Agreement and Bridging Agreements will be an issue to resolve at trial, the fact that GIS's position revolves around a termless oral agreement itself undermines the argument GIS seeks to use here. GIS focuses solely on the alleged "negligence" of BEEOO and its contractors, but still <u>has never pointed to a specific contract provision or duty that it alleges BEEOO breached that resulted in GIS's subsequent breach</u>. That is a critical missing link, because that is what this Court[17], the Louisiana Supreme Court[18], and the U.S. Fifth Circuit[19] have all uniformly held is required for GIS to reduce the damages it would owe BEEOO under Louisiana Civil Code article 2003.

To be clear, this Court's Order was based on GIS's failure to "come forward with any contractual provision allegedly breached by BEEOO that in turn caused GIS's breach."[20] GIS's present Motion <u>does not cure that issue</u>. Instead, GIS claims that the alleged admitted negligence of BEEOO and its independent contractors should be sufficient to reduce its damages in this breach of contract case because article 2003 only mentions negligence, not breaching a contractual provision. Yet, the Louisiana Supreme Court and the U.S. Fifth Circuit read that same language

---

[17] *Hanover Ins. Co. v. Plaquemines Parish Gov't*, No. 12-1680, 2015 WL 4167745, *5-6 (E.D. La. 7/9/15) (Milazzo, J.).
[18] *See Lamar, supra.*
[19] *See Apache Deepwater, LLC, supra; Whitney Bank, supra.*
[20] Order at p. 9 (Rec. Doc. 329).

and reached a different conclusion. And because the case law does not support GIS's position, GIS argues that the case law should not be considered; rather, GIS claims with its current Motion that article 2003 is clear and unambiguous.

What GIS continues to do is conflate tort concepts and contract law, while at the same time blaming BEEOO for doing so. Any duty owed by BEEOO to GIS is found in the applicable contracts or by operation of law. GIS has never identified in its responsive pleadings any such duty that BEEOO is alleged to have breached causing or contributing to the platform explosion, and nor does one exist, except for BEEOO's failure to pay for GIS's services under the MSA. Surely BEEOO's failure to pay invoices *after* the explosion did not cause GIS's breach of its duties owed to BEEOO under the applicable contracts, nor was such a failure to pay invoices antecedent to GIS's multiple breaches causing the explosion. The failure of GIS to recognize that the instant litigation is a breach of contract action, not a negligence action, has proven to be a fatal flaw.[21]

In the pending Motion, GIS essentially argues that if the provisions BEEOO argues GIS breached are present in the alleged oral agreement, then BEEOO too breached those provisions before GIS did.[22] First, GIS does not actually argue or acknowledge that those provisions exist in the alleged oral agreement, so that argument could not carry GIS's burden here. Second, as is obvious, those provisions in the Master Service Agreement and Bridging Agreements spell out GIS's duties, not BEEOO's. Third, GIS's extremely late attempt to try in a Motion to allege any

---

[21] Most notably, the Louisiana Supreme Court has recently ruled that a party to a contract who negligently performs a contractual duty is liable for breach of contract, and the obligee can elect to file suit under either negligence or breach of contract. *See Franklin v. Regions Bank*, No. 19-30684 (La. 9/18/20); 976 F.3d 443.

[22] *See* Rec. Doc. 355-1 at p. 16 ("BEEOO's allegations are that the GIS construction crew failed to inspect the work area, failed to obtain a hot work permit, failed to take "necessary precautions" for the safety of the crew – these are all essentially negligence claims. Assuming for argument's sake these failures also constitute breaches of the oral contract between GIS and BEEOO, then BEEOO's similar such failures to inspect the work area, make the work area safe, and comply with BEEOO's hot work policies before issuing a hot work permit, were likewise breaches of contract – and BEEOO's breaches have been shown through judicial admissions to have occurred before those of GIS."

breach of contract by BEEOO that caused or contributed to the platform explosion, much less an *antecedent* breach that caused GIS to breach the contract, is woefully insufficient to warrant an appeal of this resolved issue at this point. Ultimately, this is yet another attempt by GIS to pivot a failed argument to fit the necessity of the moment. Consequently, GIS's argument does not support the certification of a controlling issue for immediate appeal.

### C. AN IMMEDIATE APPEAL WILL ONLY SERVE TO FURTHER DELAY THIS CASE

Section 1292 requires that an interlocutory appeal materially advance the termination of a case. As GIS recognizes, the relevant issue is not a dispositive one – it simply bears upon the proper allocation of fault at trial. GIS argues that an immediate appeal of this issue "will serve to advance the ultimate termination of the litigation by avoiding the potential for re-trying the case if the appeal of this issue is delayed until after the trial." However, risk of remand and re-trial is a concern of every interlocutory order and request for interlocutory appeal, and is not an enumerated element under Section 1292(b). Further, the risk of re-trial is not the standard, because not only would the stay delay the actual resolution of the case, but even the Fifth Circuit's reversal of the Court's Order would not remove the risk of an eventual re-trial. To be sure, in a case this complex and combative, an appeal to the U.S. Fifth Circuit after trial may be inevitable, but allowing a piecemeal appeal of this singular, non-dispositive issue will only serve to further delay the case, which has been pending since 2015 and is set to go to trial on June 1, 2021. "[I]f a case is nearly ready for trial, an interlocutory appeal is generally not proper, as delaying such a case would actually hamper its progress towards termination."[23]

---

[23] *Scott v. Ruston La. Hospital Co., LLC*, 2017 WL 1364219, *5 (W.D. La. Apr. 12, 2017) (citing *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 611 F.Supp. 281, 284-85 (S.D.N.Y. 1985)).

### D. THE CASES CITED BY GIS DO NOT SUPPORT AN INTERLOCUTORY APPEAL

GIS supports its request for an interlocutory appeal with several cases that GIS claims share a common thread of having addressed issues of state law on summary judgment, as if that underlying theme served as the basis for the appeal. However, reviewing the actual reasons upon which the district courts decided to grant the interlocutory appeals in the cases cited by GIS reveals substantive distinctions not present in this case. For example, in *Asarco, LLC v. Montana Resources, Inc.*, No. 12-137 (S.D. Tex.) the court noted that an interlocutory appeal would save time and money because the appeal would either immediately terminate the case or almost certainly lead to serious negotiations between the parties that would in all likelihood lead to a termination of this matter.[24] Here, an opinion from the U.S. Fifth Circuit on the application of article 2003 will not resolve the case one way or another.

In *First Am. Bank v. First Am. Transp. Title Ins. Co.*, No. 06-10961 (E.D. La. 2007), while Judge Africk did certify his summary judgment order for interlocutory appeal under § 1292(b), the Motion to Certify was filed with the consent of both parties, and Judge Africk provides no analysis of his Order granting the request.[25] In *R.J. Reynolds Tobacco Co. v. Hudson,* 314 F.2d 776, 777 (5th Cir. 1963), the appeal involved a denial of defendant's motion for summary judgment that could have dismissed the entire case. Neither of these conditions are present in this case. In *Scott v. Ruston La. Hospital Co., LLC*, 2017 WL 1364219 (W.D. La. Apr. 12, 2017), the Motion to Certify appeal was likewise filed by consent. Nevertheless, in the Court's analysis, it found opposing rulings on the pertinent legal question within the district courts of the Fifth Circuit. Such a circumstance is not present here. Further, the *Scott* Court noted that the case was at an early stage

---

[24] *Asarco, LLC v. Montana Resources, Inc.*, No. 12-137 (S.D. Tex. March 3, 2016) (Rec. Doc. 228).
[25] *See First Am. Bank v. First Am. Transp. Title Ins. Co.*, No. 06-10961 (E.D. La. Sept. 24, 2007) (Rec. Doc. 63).

11

of the case. Conversely, this case is ready for trial. Thus, despite GIS's claim, *Scott* is distinguishable and does not support an interlocutory appeal in this case.

GIS cites to two additional U.S. Fifth Circuit cases because they involve an interlocutory appeal of a summary judgment that adjudicated state law issues.[26] In *McMillan,* "the parties jointly moved to certify for immediate appeal," so the District Court granted the Joint Motion for Certification in summary fashion without analysis.[27] In *Faulk*, the Motion to Certify for Immediate Appeal was unopposed and involved a ruling on issues that had previously been litigated, appealed, reversed and remanded, and relitigated again; thus, the District Court agreed to certify two questions regarding standing and constitutionality to the U.S. Fifth Circuit.[28]

Finally, in *Dore Energy Corp v. Prospective Trading Co.*, the District Court *sua sponte* certified its rulings that resulted in a cancellation of a mineral lease and denied a Motion to Dismiss for Failure to Join Indispensable Parties, without performing any analysis of the necessary Section 1292(b) elements.[29] In *Williamson v. Elf Aquitaine, Inc.*, the district court granted Plaintiff's motion for summary judgment, thereby disposing of the liability issues in the case. "Noting the complexity of the issue and recognizing that the instant cause of action raised a matter of first impression under Mississippi law, the Court furthermore offered to consider a request by defendants for certification of the issue for interlocutory appeal under 28 U.S.C. § 1292(b) prior to the hearing on damages."[30] Defendant Elf accepted the Court's invitation, and the Court acknowledged that an interlocutory appeal was appropriate because: (1) the controlling issue was

---

[26] *McMillan v. Amazon.com, Inc.*, 983 F.3d 194 (5th Cir. 2020) and *Faulk v. Union Pac. R.R. Co.*, 576 Fed. Appx. 345 (5th Cir. 2014).
[27] *McMillan*, 983 F.3d at 198; *see also sub. nom, Gartner v. Amazon.com, Inc.*, No. 18-2242 (S.D. Tex. Jan. 31, 2020) (Rec. Doc. 75).
[28] *See Faulk v. Union Pac. R.R. Co.*, No. 07-0554 (W.D. La. May 20, 2013) (Rec. Doc. 168).
[29] 2008 WL 152119 (W.D. La. Jan. 4, 2008).
[30] *Williamson v. Elf Aquitaine, Inc.*, No. 93-255, 1996 WL 671660, *1 (N.D. Miss. July 25, 1996).

dispositive; (2) the courts were in conflict over the issue; and (3) a final adjudication of the issue could render the damages hearing unnecessary.[31]

None of the cases casually cited by GIS actually support the relief sought by GIS and this Court should deny GIS's Motion and allow this case to proceed to trial on June 1.

## III. CONCLUSION

GIS disagrees with this Court's ruling one month ago regarding the application of Louisiana Civil Code article 2003 and wants to immediately appeal that ruling now as a way to further delay the trial in this case. Regardless of motivation, GIS fails to meet the standard required by 28 U.S.C. § 1292(b) to warrant the exceptional remedy of certification of this issue and its immediate appeal to the U.S. Fifth Circuit. Consequently, BEEOO respectfully requests this Honorable Court to deny GIS's Motion.

Respectfully submitted:

*/s/ Tod J. Everage*

Charles R. Talley (Bar #12634)
Karen W. Shipman (Bar #27320)
Tod J. Everage (#32445)
**KEAN MILLER LLP**
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
***Attorneys for The Trustee of the Black Elk Liquidating Trust, the Honorable Richard Schmidt (Ret.)***

---

[31] *Id.* at *2.