## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GRAND ISLE SHIPYARDS, INC.**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 15-129**
                                                  **C/W 15-154; 15-153;**
                                                  **15-905; 19-11825;**
                                                  **19-11826; 19-11827**

**BLACK ELK ENERGY OFFSHORE**                     **SECTION D (5)**
**OPERATIONS, LLC**

## ORDER

Before the Court is Grand Isle Shipyard's Motion to Modify Order Granting BEEOO's Motion for Partial Summary Judgment on Reduction of Damages Pursuant to La. Civ. Code Article 2003 [Rec. 329] To Certify For Appeal Pursuant to 28 U.S.C. Section 1292(b).[1] The Motion is opposed.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion in its entirety.

### I.    BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on

---

[1] R. Doc. 355.
[2] R. Doc. 358.
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation.  *See* R. Doc. 42.  For ease of reference and consistency, the Court refers to this party as BEEOO.

various oil and gas wells.[4]  BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[5]  Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6]  That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC,*[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10]  BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

This litigation has involved substantial motion practice, including ten motions for partial summary judgment and a variety of motions *in limine*.  One such motion was BEEOO's Motion for Partial Summary Judgment Regarding Allocation of Fault at Trial.[12]  After careful consideration of the parties' memoranda, the Court granted that Motion, finding that the Louisiana Supreme Court has explicitly held that Louisiana Civil Code article 2003 applies only when there is an antecedent breach on the part of the obligee.[13]

---

[4] *See generally* R. Doc. 20 (Second Amended Complaint).  GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act.  *See id.*
[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 251.
[13] R. Doc. 329.

GIS now moves to modify the Court's Order granting BEEOO's Motion to certify that order for interlocutory appeal.[14]  GIS also seeks a stay pending the interlocutory appeal.  GIS argues that the Court misreads *Lamar Contractors Inc. v. Kacco, Inc.*,[15] and that a substantial ground for difference of opinion exists as to the application of article 2003 in this dispute.  GIS also argues that an immediate appeal would materially advance the ultimate termination of this litigation.

BEEOO opposes GIS's Motion.[16] BEEOO argues that interlocutory appeals should be allowed only in "exceptional cases," and that this matter does not rise to a level of exceptionality.  BEEOO also argues that there is no substantial ground for difference of opinion because the Court correctly applied the law, including *Lamar*. BEEOO contends that GIS has not pointed to a specific contractual term breached by BEEOO, as GIS argues that the Master Service Agreement and Bridging Agreements do not apply, and GIS cannot point to a term in any oral contract that BEEOO has breached which, in turn, caused GIS's breach.  Finally, BEEOO avers that an interlocutory appeal will only further delay resolution of this case.

## II.    ANALYSIS

GIS moves under 28 U.S.C. § 1292(b) for the Court to certify its prior order for immediate appeal.  That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

---

[14] R. Doc. 355.

[15] 189 So. 3d 394 (La. 2016).

[16] R. Doc. 358.

> may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.[17]

Accordingly, a district court may certify an order for appeal only when (1) the order from which the appeal is taken involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Section 1292(b) "requires strict adherence to all statutory requirements before certification will be allowed."[18] Moreover, "[b]ecause permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."[19] "[T]he decision to permit an appeal is firmly within the district court's discretion" and Section 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion."[20]

## A. Substantial Ground for Difference of Opinion

The Court first considers whether GIS has met the requirement of demonstrating there is a substantial ground for difference of opinion regarding the prior order. Not all opinions with which counsel disagrees provide substantial

---

[17] 28 U.S.C. § 1292(b).
[18] *Riley v. Dow Corning Corp.*, 876 F. Supp. 728, 731 (M.D.N.C. 1992).
[19] *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).
[20] *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006).

grounds for a difference of opinion.  "[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.  Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement."[21]  As succinctly stated by the Fifth Circuit, such interlocutory appeals are "exceptional" and "are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation."[22]

GIS argues that the Court misreads *Lamar*[23] and that the Court "expands the judicial gloss" of *Lamar* by adding an additional requirement of an "antecedent breach."  GIS also argues that because Louisiana caselaw is considered a secondary source of law, the "Fifth Circuit could readily determine that Civil Code Article 2003 provides the clear answer for this case by the plain language of its own text."[24]

GIS fails to demonstrate a substantial ground for difference of opinion regarding the prior order.  Specifically, GIS misreads *Lamar* and ignores on-point caselaw that directly addresses arguments that GIS raises.   In *Lamar*, the Louisiana Supreme Court held that "[an obligor] must demonstrate that [an obligee] failed to perform its obligations under the contract, which in turn contributed to [the obligor's] breach of contract" in order to be entitled to a damage reduction under article 2003.[25]

---

[21] *Id.*
[22] *Clark-Dietz and Assoc-Eng., Inc. v. Basic Const. Co.,*  702 F.2d 67 (5th  Cir. 1983).
[23] 189 So. 3d 394 (La. 2016).
[24] R. Doc. 355-1 at 5.
[25] *Id.*

GIS argues *Lamar's* facts are distinguishable here. But nothing in *Lamar* confines its holding to *Lamar's* facts. Rather, it was a principle to be applied whenever article 2003 is invoked.[26]

Moreover, the Fifth Circuit has cited *Lamar* approvingly. In *Apache Deepwater, L.L.C. v. W&T Offshore Inc.*,[27] which the Court discussed in the prior order, the Fifth Circuit found *Lamar*, "controlling" and held that "[t]he question of the obligee's bad faith [here, negligence], does not become relevant until there is a determination that the obligee failed to perform a contractual obligation that in turn caused the obligor's failure to perform."[28] The Fifth Circuit has therefore already rejected the "plain language" argument which GIS presses here.[29]

---

[26] The Court notes that GIS is not only re-urging previous arguments, it is materially changing them. GIS has often argued that the Master Service Agreement and Bridging Agreement do not bind the parties. *See, e.g.*, R. Doc. 171 (Proposed Pretrial Order) at 13; R. Doc. 272. In the instant Motion, GIS seems to argue that, to the extent the Court finds that the Master Service Agreement or Bridging Agreement do bind the parties, BEEOO breached the agreements and BEEOO's breach caused GIS's breach. *See* R. Doc. 355-1 (Motion to Modify Order and Certify Interlocutory Appeal) at 16. This is a novel argument, and a far cry from the arguments GIS has previously pressed. The Court cannot reconsider previous orders each time a party develops an argument that it wishes it had articulated previously yet failed to do so. Notwithstanding that, the argument would still fail on the merits. For example, GIS still fails to identify a particular provision of either contract that BEEOO breached, a requirement GIS has previously chastised BEEOO for purportedly failing to meet. *See* R. Doc. 274 at 9. ("GIS contends BEEOO has not alleged specific breaches of contract by GIS."). Instead, it simply gestures broadly to "the breaches of the same contract." Nor has GIS pointed to a particular provision of an oral contract between the parties that BEEOO has breached, which in turn caused GIS's breach. In sum, GIS's argument now seems to be that the MSA and Bridging Agreement do not bind the parties; but if they do, there was no breach; but if there was a breach, it is unclear of what term; but further if the Court does find that GIS breached a term of the contract, GIS now alleges that BEEOO breached that term too, and perhaps breached it prior to GIS's breach. This is insufficient to state a claim for a breach of contract. *See* R. Doc. 339 at 6.

[27] 930 F.3d 647 (5th Cir. 2019).

[28] *Id.* at 655.

[29] GIS also argues that "[t]his case amply demonstrates the inherent difficulties that arise when what is really a negligence case is being presented as a breach of contract case." R. Doc. 355-1 at 16. This is a recurring argument that GIS includes in its briefing, although at no point did it file a Motion to Dismiss BEEOO's operative Complaint or a Motion for Summary Judgment regarding the issue. The Court further notes that it specifically denied BEEOO's Motion for Summary Judgment seeking to strike this disputed issue of law from the case. *See* R. Doc. 339. This issue remains contested and has been preserved for trial at which time it will be resolved.

At bottom, GIS seeks to have a federal court substitute its reading of Louisiana law for that of the Louisiana Supreme Court, a task the Fifth Circuit has already expressly declined to do.  Such arguments do not create a "substantial difference of opinion."

## B.    Materially Advancing the Termination of Litigation

"Courts have found the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation."[30]  The Court therefore considers the requirements together.  "Generally, [the] requirement [that an interlocutory appeal advance the termination of the litigation] is met when resolution of a controlling legal question would serve to avoid trial or substantially shorten litigation."[31]

The Court does not find that an interlocutory appeal of the prior order would materially advance the ultimate termination of this litigation; to the contrary, it may hinder reaching a timely resolution.[32]  Indeed, GIS admits in its Motion that resolution of this issue on appeal would not terminate the litigation.  If GIS was successful in its appeal, it would likely create *additional* issues for trial, and may

---

[30] *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) (quoting 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3930 at 432 (2d ed. 1996)).
[31] *Clark Const. Group, Inc. v. Allglass Sys., Inc.* No. 2002-1590, 2005 WL 736606, *4 (D. Md. Mar. 30, 2005).
[32] The Court notes that GIS only recently sought an indefinite stay of this litigation.  *See* R. Doc. 345. The Court denied the request for an indefinite stay but granted a short two-month continuance over BEEOO's objection.  *See* R. Doc. 354.  That continuance was not an invitation for the parties to engage in additional motion practice, change their litigation positions, or seek to relitigate issues which have already been resolved.  GIS seeks in its instant motion the same relief the Court has already denied, namely, an indefinite stay of this litigation.

further prolong this litigation.  Moreover, the issue regarding article 2003 is just one of a plethora involved in this litigation; some have been resolved to date, some remain to be resolved at trial.  The Court finds that allowing an interlocutory appeal of this issue before trial would fly in the face of the historic policy against piecemeal appeals.[33]  Finally, the Court notes that trial is set for less than three months from the date of this order, at which time the remaining outstanding issues will be resolved.  Further delaying the trial by allowing for piecemeal appeals will benefit neither the parties nor the Court, and will only further add to the already tortured history of this litigation.  Accordingly, the Court does not find the factors of Section 1292(b) satisfied and denies GIS's Motion.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that Grand Isle Shipyard's Motion to Modify Order Granting BEEOO's Motion for Partial Summary Judgment on Reduction of Damages Pursuant to La. Civ. Code Article 2003 [Rec. 329] To Certify For Appeal Pursuant to 28 U.S.C. Section 1292(b) is **DENIED**.

New Orleans, Louisiana, March 17, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[33] *Cutriss-Wright Corp. v. Gen. Elc. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).