UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-129**<br>**C/W 15-154; 15-153;**<br>**15-905; 19-11825;**<br>**19-11826; 19-11827** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC** | **SECTION D (5)** |

### ORDER

Before the Court is Black Elk Energy Offshore Operations, LLC's Motion *in Limine*.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion, except insomuch as BEEOO seeks to exclude the broad category of "any document filed by GIS and/or BEEOO in any lawsuit."

I.     BACKGROUND

Grand Isle Shipyards, Inc. ("GIS") alleges that Black Elk Energy Offshore Operations, LLC ("BEEOO"),[3] breached an agreement between the parties to pay for services rendered in connection with BEEOO's drilling and production operations on

---

[1] R. Doc. 363.
[2] R. Doc. 365.
[3] The Court recognizes that the Honorable Richard Schmidt (Ret.), as BEEOO's liquidating trustee, is the proper party to this litigation. *See* R. Doc. 42. For ease of reference and consistency, the Court refers to this party as BEEOO.

various oil and gas wells.[4] BEEOO filed an Answer and Counterclaim, alleging that GIS's work on Black Elk's West Delta 32 oil platform resulted in millions of dollars in damages to BEEOO.[5] Specifically, BEEOO alleges that GIS is responsible for an explosion that took place at the West Delta 32 platform on November 16, 2012.[6] That explosion has been the subject of extensive litigation in this district, including *Tajonera v. Black Elk Energy Offshore Operations, LLC*,[7] *United States v. Black Elk Energy Offshore Operations, LLC*,[8] *United States v. Don Moss*,[9] and *United States v. Chris Srubar*.[10] BEEOO's tort and fraud claims have been dismissed as prescribed, but it continues to assert a breach of contract claim.[11]

This Court issued a series of orders in response to previous motions *in limine* and motions for partial summary judgment filed by the parties. As relevant here, the Court found that evidence of BEEOO's negligence was relevant only to the extent GIS can demonstrate an antecedent breach of contract, and that GIS had not demonstrated such a breach.[12] The Court also found that evidence to BEEOO's Incidence of Noncompliance ("INC") history was relevant to the issue of whether

---

[4] *See generally* R. Doc. 20 (Second Amended Complaint). GIS also brought a series of other claims, including claims under the Louisiana Oil Well Lien Act. *See id.*
[5] *See generally* R. Doc. 76 (Answer and First Amended and Supplemental Counterclaim).
[6] *See id.* at 10 ¶ 16.
[7] Civil Docket No. 13-366.
[8] Criminal Docket No. 15-197-1.
[9] Criminal Docket No. 15-197-2.
[10] Criminal Docket No. 15-197-6.
[11] R. Doc. 70; R. Doc. 76.
[12] R. Doc. 329.

BEEOO's damages were foreseeable.[13]  Pursuant to the Court's order, the parties have also filed a revised proposed Pretrial Order into the record.[14]

BEEOO has filed a Motion *in Limine* seeking to exclude certain evidence that GIS seeks to introduce.[15]  BEEOO first seeks to exclude pleadings and filings in other legal cases, and specifically to exclude certain documents from BEEOO's bankruptcy. BEEOO contends that these documents are not relevant to the instant dispute.  Next, BEEOO seeks to exclude factual bases from various criminal matters related to this dispute.  BEEOO contends that the admissions in the factual bases have already been included as stipulations in this case, and are therefore not relevant other than for impeachment purposes. Finally, BEEOO argues that evidence of BSEE's Incidents of Noncompliance ("INC") records should be excluded, as the information of BEEOO's INCs alone offers nothing relevant to this matter.

In its Opposition,[16] GIS argues that the pleadings it seeks to introduce from other cases are relevant to its argument regarding the status of BEEOO's liquidation trust, and that certain orders in other cases have affected this case.  GIS further argues that the factual bases in related criminal matters are relevant because they add additional detail regarding the work of certain individuals on West Delta 32, and are relevant to GIS's argument that the acts and omissions of Srubar and Moss must be imputed to BEEOO.  Finally, GIS argues that the Court has already ruled that

---

[13] R. Doc. 332.
[14] R. Doc. 360.
[15] R. Doc. 363.
[16] R. Doc. 365.

BEEOO's INC history is admissible as relevant to the foreseeability of BEEOO's damages.

## II. ANALYSIS

### A. Documents in Other Cases

BEEOO first seeks to exclude four exhibits related to other litigations. These documents include (1) GIS's Proof of Claim (OBJ001); (2) the Bankruptcy Court's Order Lifting the Stay (OBJ002); (3) GIS's Notice of Appeal related to the standing dispute (OBJ003); and (4) any document filed by GIS and/or BEEOO in any lawsuit (OBJ004). The first three documents relate to BEEOO's ongoing bankruptcy proceedings. GIS contends that as a result of an issue that has been litigated in BEEOO's bankruptcy, BEEOO lacks standing to bring its counterclaims in this litigation. This issue has been specifically preserved in the parties' proposed Pretrial Order as Contested Issue of Law No. 21, which reads: "Whether the Liquidating Trust expired by its own terms on July 25, 2019 and the Trustee has lacked standing since that date."[17] The first three exhibits at issue here, OBJ001-OBJ003, are relevant to this contested issue of law insomuch as they demonstrate that GIS is a creditor in BEEOO's bankruptcy, that this matter is not subject to the bankruptcy stay, and that GIS is also pursuing this legal argument in the Southern District of Texas. Accordingly, the Court overrules BEEOO's objections to OBJ001-OBJ003, and will admit these exhibits into evidence at trial.

---

[17] R. Doc. 360 at 20.

BEEOO also seeks to exclude OBJ004, which is listed in the proposed pretrial order as "[a]ny document filed by GIS and/or BEEOO in any lawsuit."[18] The referenced exhibit is plainly overbroad. Moreover, the Court cannot assess the relevance of any such category of documents in the abstract. The Court will therefore grant BEEOO's Motion insomuch as it seeks to exclude any possible document filed by either party in another lawsuit. The Court notes that in the exhibits submitted to the Court, BEEOO's answers to interrogatories in the *Tajonera* litigation are labeled as OBJ004. That exhibit lists 52 interrogatories with responses by BEEOO which deal with a variety of topics relevant to this litigation. Such admissions may be used by GIS to argue that BEEOO has previously made a judicial admission or for impeachment purposes. Further, BEEOO makes no argument in its Motion as to why this exhibit should be excluded. Accordingly, the Court will not exclude BEEOO's answers to interrogatories in the *Tajonera* litigation at this time. BEEOO may move to exclude this document when GIS seeks to admit it at trial.

### B.  Factual Basis Documents

The next set of documents that BEEOO seeks to exclude are factual basis documents entered into by both parties and various witnesses in related criminal matters, which are labeled OBJ005-OBJ007 and OBJ009.[19] BEEOO does not argue that OBJ005, the factual basis of BEEOO, and OBJ009, the factual basis of GIS, are irrelevant standing alone. Rather, BEEOO argues that these factual bases are

---

[18] *Id.* at 45.
[19] *See* OBJ005 (Factual Basis of BEEOO); OBJ006 (Factual Basis of Don Moss); OBJ007 (Factual Basis of Chris Srubar); OBJ009 (Factual Basis of GIS). The Court notes that BEEOO has withdrawn its objection to OBJ008 (Factual Basis of Curtis Danton).

cumulative of stipulations already made in the parties' proposed Pretrial Order, and are therefore irrelevant. Given that the two exhibits at issue number only fifteen pages in total (in a case with thousands of documents and hundreds of exhibits), the Court does not find the risk of cumulation of evidence requires exclusion of these exhibits. Accordingly, the Court overrules BEEOO's objections to OBJ005 and OBJ009, and will admit these exhibits into evidence at trial.

BEEOO argues that OBJ006, the factual basis of Don Moss, and OBJ007, the factual basis of Chris Srubar, are irrelevant. GIS counters that these documents are relevant to its estoppel defense, the existence of an oral contract for work at West Delta 32, and "probative of GIS' allegation that the acts and omissions of SRUBAR and MOSS must be imputed to BEEOO."[20]

Because Moss's and Srubar's factual bases have been largely incorporated into the parties' proposed pretrial order,[21] the primary risk from allowing the factual bases into evidence is that they are cumulative, not that they are irrelevant. As the documents are only sixteen pages, the Court does not find the risk of cumulation requires exclusion of these exhibits. Moreover, GIS represents that this evidence may be relevant to the terms of an oral contract. The bar for relevance is low,[22] and this is a bench trial, so there exists no risk of unfair prejudice.[23] The Court will therefore admit OBJ006 and OBJ007 into evidence. That said, GIS is cautioned not to attempt

---

[20] R. Doc. 365 at 4.
[21] *See* R. Doc. 360 at 5-9.
[22] *See* Fed. R. Evid. 401.
[23] *See, e.g.*, *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (holding that concerns over undue prejudice under Federal Rule of Evidence 403 have "no logical application to bench trials."); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, No. MDL 2179, 2012 WL 295048, at *4 n.7 (E.D. La. Feb. 7, 2012) (same).

to use these exhibits for purposes that run afoul of the Court's previous orders. Specifically, the Court ordered that there would be no allocation of fault at trial under La. Civ. Code article 2003 as GIS had failed to establish an antecedent breach of contract when BEEOO clearly moved for summary judgment on that issue.[24]  The Court later denied GIS's Motion for Interlocutory Appeal when GIS sought to make arguments it could have—but did not—make previously.[25]  Indeed, the order GIS cites to in arguing that this evidence is relevant to impute liability from Moss and Srubar to BEEOO dealt only with the *timing* of this argument, not with the substance.[26]  Accordingly, GIS may not introduce this evidence to argue "that the acts and omissions of SRUBAR and MOSS must be imputed to BEEOO[,]"[27] and therefore that BEEOO's damages should be reduced under article 2003 or article 2323.

## C. INC History

Finally, BEEOO seeks to exclude three exhibits related to BEEOO's INC history labeled OBJ012, OBJ013, and OBJ015.[28]  The Court has already ruled that evidence of BEEOO's INCs may be relevant to the foreseeability of damages.[29] BEEOO seeks to circumnavigate this ruling by arguing that INCs of other companies are necessarily irrelevant, and then stating that BEEOO's INC history when viewed in a vacuum is also irrelevant.  But BEEOO's argument is circular—the relevance of other companies' INC histories are relevant specifically because they demonstrate

---

[24] R. Doc. 329.
[25] R. Doc. 359.
[26] *See* R. Doc. 336.
[27] R. Doc. 365 at 4.
[28] The Court notes that OBJ012 and OBJ015 are duplicates and cumulative.  It is unclear why GIS seeks to introduce both.
[29] R. Doc. 332 at 4-8.

whether BEEOO's was issued more INCs than other companies. Accordingly, the Court overrules BEEOO's objections and will admit OBJ012, OBJ013, and OBJ015 into evidence at trial.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that BEEOO's Motion *in Limine* is **GRANTED** insomuch as BEEOO seeks to exclude the broad category of "any document filed by GIS and/or BEEOO in any lawsuit." **IT IS FURTHER ORDERED** that BEEOO's Motion is **DENIED** in all other respects.

New Orleans, Louisiana, May 14, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**